# In the United States Court of Federal Claims

No. 17-449
Filed: March 29, 2017 at 18:30 (E.S.T.)

*****************************************
                                        *
CONTINENTAL SERVICES                    *
GROUP, INC.,                            *
                                        *
      Plaintiff,                        *
                                        *
                                        *  Temporary Restraining Order
v.                                      *  RCFC 65(d)
                                        *
                                        *
THE UNITED STATES,                      *
                                        *
      Defendant.                        *
                                        *
*****************************************

**MEMORANDUM OPINION AND TEMPORARY RESTRAINING ORDER**

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY.[1]**

On December 11, 2015, the United States Department of Education ("ED") issued Solicitation No. ED-FSA-16-R-0009 ("the Solicitation") for "the collection and administrative resolution of debts resulting from non-payment of student loans and grants made under several federal programs, including the Federal Family Education Loan Program, Stafford Loans, Federal Perkins Loans, and the Pell Grant Program." Compl. at ¶ 25. Under the Solicitation, ED would award an "Indefinite Delivery Indefinite Quantity contract [with] a five (5) year Base Ordering Period [and] an additional Optional Ordering Period of five (5) years." Compl. at ¶ 26.

On February 22, 2016 and February 29, 2016, Continental Services Group, Inc. ("Continental Services") submitted an offer for the Solicitation. Compl. at ¶ 35.

On December 9, 2016, ED notified Continental Services that it was not selected for award; Continental Services requested a debriefing. Compl. at ¶ 19. On December 29, 2016, ED issued a Debriefing Letter, stating that,

> Although [Continental Services'] proposal was one of the most highly rated proposals, [Continental Services], was not selected for an award based on the fact that the [ED] determined that they were not responsible [because] [Continental Services] did not submit an acceptable subcontracting plan that reflects and is

---

[1] The relevant facts and procedural history are derived from the Continental Services Group, Inc.'s March 28, 2017 ("Compl.") and the court's March 29, 2017 Status Conference.

consistent with the commitments it offered in its small business participation plan, as required by the Solicitation.

Compl. at ¶ 51.

On January 3, 2017, Continental Services filed bid protest at the General Accountability Office ("GAO"). Compl. at ¶ 60. Because Continental Services filed a bid protest in the GAO within five days of receiving a debriefing, the bid protest triggered an automatic stay of the performance, pursuant to 31 U.S.C. § 3553(d)(3)(A), (4)(B). Compl. at ¶ 60. "Several other disappointed offerors also filed protests of this procurement at the GOA." Compl. at ¶ 60. Some of these protests also triggered the automatic stay. Compl. at ¶ 60.

On March 28, 2017, Continental Services filed a Complaint in the United States Court of Federal Claims. ECF No. 1. On March 29, 2017, the court convened a Status Conference. During the status conference, the Government informed the court that the stay(s), pursuant to 31 U.S.C. § 3553(d)(3)(A), (4)(B), had not been lifted, because the GAO had decided another similar protest. The Government also represented that the GAO may issue a decision in that case in the near future, at which point the automatic stay would be lifted and performance would begin on the contract. The Government was not clear whether the GAO lifted the stay in the bid protest filed concerning Continental Services. The Government, however, advised the court that it could not currently commit to staying performance, pending the resolution of this bid protest before the United States Court of Federal Claims. Continental Services advised the court that ED has been undermining the GAO automatic stay by transferring work to be performed under the stayed contracts to other contractors to circumvent or moot this pending bid protest.

On March 29, 2017, Continental Services filed a Motion For Temporary Restraining Order ("TRO"), pursuant to Rule of the United States Court of Federal Claims ("RCFC") 65(d). ECF No. 7.

## II.   DISCUSSION.

On a motion for temporary injunctive relief, the court must weigh four factors: "(1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Importers of Textiles & Apparel* v. *United States,* 413 F.3d 1344, 1347-48 (Fed. Cir. 2005). "*No one factor*, taken individually, *is necessarily dispositive* . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of others." *FMC Corp.* v. *United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).

Regarding the first factor, the court has determined that Continental Services would be immediately and irreparably injured, if ED moved forward with performance on the contract at issue in this case, or otherwise transferred work to another contracting vehicle to circumvent or moot this bid protest.

Regarding the second factor, since the Government has not yet produced the Administrative Record and the parties have not had an opportunity to brief the merits of this bid protest, the court is not in a position to decide Continental Services' likelihood of success.

Regarding the third factor, the public interest is served by open and fair competition in public procurement and preserving the integrity of the competitive process. *See PGBA, LLC v. United States*, 57 Fed. Cl. 655, 663 (2003).

Regarding the fourth factor, the balance of hardships weighs in favor of Continental Services. Courts have generally recognized that any harm to the Government caused by delay in performance is generally less significant than the harm caused to the bid protestor. *Id.*

For these reasons, the court has determined that the weight of the factors is in favor of injunctive relief. *See FMC Corp*, 3 F.3d at 427 ("[T]he weakness of the showing regarding one factor may be overborne by the strength of others."). Accordingly, it is hereby ordered that the United States of America, the United States Department of Education, and their officers, agents, servants, employees, and representatives are Temporarily Restrained, pursuant to RCFC 65(d), from:

(1) authorizing the purported awardees to perform on the contract award under Solicitation No. ED-FSA-16-R-0009 for a period of fourteen days, *i.e.* until April 12, 2017; and
(2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest for a period of fourteen days, *i.e.* until April 12, 2017.

**IT IS SO ORDERED.**

                                                                              **s/Susan G. Braden**
                                                                              **SUSAN G. BRADEN**
                                                                              **Chief Judge**