## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
**Bid Protest**

CONTINENTAL SERVICE GROUP, INC,
and PIONEER CREDIT RECOVERY, INC.

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*,

and

CBE GROUP, INC., PREMIERE CREDIT OF
NORTH AMERICA, LLC, GC SERVICES
LIMITED PARTNERSHIP, FINANCIAL
MANAGEMENT SYSTEMS, INC., VALUE
RECOVERY HOLDINGS, LLC, and
WINDHAM PROFESSIONALS, INC.,

*Intervenor-Defendants*.

Nos. 17-449, 17-499 (Consolidated)

(Chief Judge Braden)

## COLLECTION TECHNOLOGY, INC.'S MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"),

Collection Technology, Inc. ("CTi"), by its undersigned counsel, respectfully moves to intervene

as a plaintiff in the above-captioned matter. Undersigned counsel has conferred with both

counsel for Plaintiff Continental Service Group, Inc. ("CSG"), which does not oppose this

motion, as well as counsel for Plaintiff Pioneer Credit Recovery, Inc. ("PCR"), which takes no

position on this motion. Undersigned counsel attempted, but was unable, to consult with

Defendant's counsel prior to filing this motion.

### BACKGROUND

This matter arises from the United States Department of Education's ("ED") December 9,

2016 award of indefinite delivery/indefinite quantity Private Collection Agency ("PCA")

contracts to seven vendors under Solicitation No. ED-FSA-16-R-009.  CTi is one of 13 vendors

holding incumbent PCA contracts, all of which were awarded in 2009, and expired on April 21,

2017.  CTi was not selected for award under the new Solicitation, and subsequently filed a

protest at the Government Accountability Office ("GAO").  Twenty-one other unsuccessful

offerors, including CSG and PCR, did the same.[1]

On March 27, 2017, GAO sustained CTi's protest.  GAO concluded that ED had erred in

making its award decision in the following ways: (1) by awarding contracts to Transworld

Systems, Inc. ("Transworld"), and several other offerors that had misrepresented the availability

of key personnel identified in their proposals; (2) by unreasonably downgrading certain aspects

of CTi's proposed management approach without considering the proposal in its entirety; (3) by

applying unstated evaluation criteria; and (4) by disparately evaluating CTi's proposal as

compared to certain of the awardees, including The CBE Group, Inc. ("CBE").

GAO concluded that CTi had been competitively prejudiced by these errors, and as a

result, recommended that ED amend its solicitation as necessary, reopen discussions, allow for

the submission of revised proposals, and conduct a new, reasonable evaluation of those

proposals.  In sum, GAO found that ED's administration of the procurement was irreparably and

fundamentally flawed.

Since the issuance of GAO's decision, ED has neither committed to complying with

GAO's recommendation, nor taken any sort of corrective action.  Several unsuccessful protesters

at GAO, including CSG and Pioneer, have filed protests at the Court of Federal Claims; those

cases remain stayed while ED tries to come up with a global solution to resolve the litigation

---

[1]     CSG and PCR's GAO protests with either withdrawn or dismissed as a result of their
filing protests in this Court.

arising out of its fundamentally flawed 2016 procurement.  ED has not committed to deciding how to proceed by any particular date.

CSG filed its complaint in this matter on March 28, 2017.  On March 29, this Court issued a Temporary Restraining Order (Dkt. #9), enjoining ED from (1) authorizing performance by the purported awardees on the new PCA contracts that GAO deemed invalid; and (2) transferring any work to be performed on the new, invalid PCA contracts "to other contracting vehicles."  The Court ordered that its TRO would expire on April 12, 2017.  On April 10, the Court extended the TRO until April 24. (Dkt. #56.)

On April 18, 2017, ED notified the Court that the 13 PCA contracts awarded in 2009 (including CTi's) were set to expire on April 21, and that as a result, it was "recalling" from these 13 incumbent contract holders their "in-repayment accounts" (accounts in default for which the borrower has already entered into payment agreements with a PCA) and placing them with ED's Default Resolution Group contractor, Maximus, Inc.  (Dkt. #65.)

On April 20, Defendant-Intervenors The CBE Group ("CBE") and Premiere Credit of North America, LLC ("Premiere") (both of which are incumbent PCA contract holders, and received new PCA contracts that GAO subsequently invalidated in response to CTi's protest), filed a "Joint Emergency Motion to Enforce Restraining Order," (Dkt. #68), which explained that ED's announced intent to transfer the in-repayment accounts to Maximus was in direct contravention of the direction in the Court's TRO that ED not "transfer[] work to be performed under the contract at issue in this case to other contracting vehicles."

On April 24, 2017, the Court entered an "Extension and Modification of Temporary Restraining Order" (Dkt. 73), in which it added language to its existing TRO allowing three incumbent PCA contract holders, CBE, Premiere, and Transworld Systems, Inc. (another

incumbent PCA holder), to continue to service their in-repayment accounts under their *newly-awarded* PCAs -- *i.e.*, the awards that GAO ruled were invalid as a result of numerous errors committed by ED -- for a period of 60 days.  The Court explained that this modification was intended "to preserve the status quo to protect the interest of all parties and to afford the Government an opportunity to reach a global solution of the aforementioned cases."

In the meantime, on April 21, 2017, Progressive Financial Services, Inc. ("Progressive"), which is identically situated to CTi in that it successfully protested the 2016 awards at GAO and held an incumbent PCA contract, filed a protest in the Court of Federal Claims challenging the "recall" of its in-repayment accounts.  On or about April 25, 2017, the Department of Justice sent the following email to various stakeholders involved in litigation pending at the Court:

> Pursuant to the Government's notice of intent to recall accounts, filed with the Court on Tuesday April 18, 2017, the Department of Education intends to recall accounts today from nine of the 13 private collection account (PCA) contracts that expired Saturday at 12:01 am, April 22, 2017.
>
> The nine contractors whose accounts will be recalled have not filed a complaint with this Court challenging the recall of accounts from their now-expired contracts.  Moreover, none of the nine contractors has a subsequent private collection account contract.
>
>  At this time, the Department of Education does not intend to recall the accounts of Progressive Financial, due to Progressive's action in this Court.   Also, as the Court's order dated April 24, 2017 stated, the in-repayment accounts from CBE Group, Inc., Premiere Credit of North America, LLC, and Transworld Systems, Inc.'s now-expired 2009 contracts will be assigned to their respective 2016 contracts for a period of 60 days.
>
> The agency's recall action today will not involve any of the parties before the Court and thus in no way will impair the Court's ability to decide any preliminary injunction request the Court may receive ahead of next week's hearing.

In other words, ED is basing its decision to recall in-repayment accounts not on whether it was fair or reasonable to do so, but on whether an incumbent contractor has appeared in a

proceeding before the Court and had objected.  By making its decision on these grounds, CTi and the other eight incumbent contractors who have not yet appeared in Court are left out in the cold. To make matters worse, in the case of CBE, Transworld, and Premiere, ED is assigning these accounts to the 2016 contracts that GAO has already declared invalid.  These are not rational agency actions.

Thus, even though it prevailed at GAO on numerous grounds, CTi finds itself in the inequitable and unlawful position of being stripped of its current PCA contract accounts and forced to wait indefinitely while the three "awardees" perform illegal contracts, and ED tries to make up its mind about how to take corrective action.  And because CTi has not previously intervened in an action in this Court or filed its own protest—which it had no reason to do since it prevailed at GAO—CTi will be arbitrarily stripped of its accounts.  Accordingly, CTi moves to intervene here to ensure that its rights are represented and protected pending ED's corrective action following the GAO recommendation and the resolution of the remaining outstanding protests currently before this Court.

**ARGUMENT**

## I.      CTi Is Entitled To Intervene As A Matter Of Right

CTi is entitled to intervene here as a matter of right.  RCFC 24(a) directs that the Court permit, "[o]n a timely motion, . . . anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The United States Court of Appeals for the Federal Circuit has instructed that "the requirements for intervention are to be construed in favor of intervention[.]"  *See Osage Tribe of Indians of Oklahoma v. United States*, 85 Fed. Cl.

162, 166 (2008) (citing *Am. Mar. Transp., Inc. v. United States*, 870 F. 2d 1559, 1561 (Fed. Cir. 1989)).

CTi's interest relating to the procurement that is the subject of this action is clear—it is an incumbent PCA contract holder and, but for ED's panoply of errors in the administration of the new procurement, likely would have been awarded one of the new PCA contracts.  CTi's interest includes the right to continue to service the in-repayment accounts that began on its prior PCA contract and which should have continued under a properly awarded 2016 contract. Additionally, as a successful protester at GAO and an interested party that will compete to win a new PCA contract when ED takes corrective action in response to the GAO decision, it has an interest in making sure that the recipients of the improper 2016 awards are not permitted to perform those invalid contracts.   No other party in this action adequately represents these interests.

## II.     In The Alternative, CTi Should Be Permitted To Intervene

Alternatively, CTi should be permitted to intervene pursuant to RCFC 24(b), which directs that, "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  CTi's claims here challenging the propriety of ED's intent to recall its in-repayment accounts arise from the procurement that is the subject of this protest, and therefore have questions of law or fact in common with the issues before the Court.  *See* RCFC 24(b)(1).  Allowing CTi to intervene will ensure that the Court has a complete understanding of the relevant facts and circumstances, and will, per the Court's stated intent in its modified TRO, ensure that the Court may "preserve the status quo to protect the interest of all parties."

Accordingly, if the Court concludes that RCFC 24(a) does not entitle CTi to intervene as a matter of right, CTi respectfully requests the Court grant it permissive intervention.

## CONCLUSION

For the reasons stated above, CTi respectfully requests that this Court grant its motion to intervene.

<div style="margin-left: 50%;">

Respectfully submitted,

s/ Anuj Vohra
JASON A. CAREY
ANUJ VOHRA
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Tel: (202) 662-5362
Fax: (202) 778-5362

</div>

April 27, 2017                    *Counsel for Collection Technology, Inc.*