# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | | |
|---|---|---|
| CONTINENTAL SERVICE GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PIONEER CREDIT RECOVERY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-449C |
| | ) | No. 17-499C |
| THE UNITED STATES, | ) | (Consolidated) |
| | ) | Chief Judge Susan G. Braden |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CBE GROUP, INC., | ) | |
| | ) | |
| FINANCIAL MANANGEMENT SYSTEMS, INC., | ) | |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP | ) | |
| | ) | |
| PREMIERE CREDIT of NORTH AMERICA, LLC, | ) | |
| | ) | |
| VALUE RECOVERY HOLDINGS, LLC | ) | |
| | ) | |
| WINDHAM PROFESSIONALS, INC., | ) | |
| | ) | |
| Intervenors. | ) | |

## DEFENDANT'S MOTION TO DISMISS COUNT VII OF THE COMPLAINT

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss Count VII of the complaint filed by plaintiff, Continental Service Group, Inc. (Continental), for lack of

subject-matter jurisdiction. Count VII of the complaint is an administrative contract claim that should be pursued under the Contract Disputes Act (CDA), 41 U.S.C. § 7103. Accordingly, the Court does not possess jurisdiction over Count VII.

BACKGROUND

On March 29, 2017, Continental filed a bid protest action in this Court. In its complaint, Continental challenged the U.S. Department of Education's (ED) evaluation of its proposal under Solicitation No. ED-FSA-16-R-0009 (Solicitation) for the collection of defaulted student loan accounts under ED's Federal Student Aid Program. Continental's complaint asserts that ED erred in determining that Continental was non-responsible and thus ineligible for award. Continental also alleged in Count VII of the complaint that Continental was not receiving as many accounts under its existing 2015 award term extension debt collection contract as it had anticipated. Despite the fact that the $1,000.00 minimum guaranteed amount on its 2009 contract had been satisfied long ago, Continental alleged that it was entitled to accounts that were instead assigned to other existing contracts. Compl. ¶¶ 107-114. Continental's complaint does not aver that Continental submitted any claim to the contracting officer regarding the allegations set forth in Count VII. Further, Continental does not allege that it received a final decision from the contracting officer concerning any such claim. Consequently, Count VII cannot be sustained before the Court.

ARGUMENT

I.    Standard Of Review

Subject-matter jurisdiction is a threshold issue. *Int'l Mgmt. Servs., Inc. v. United States*, 80 Fed. Cl. 1, 4 (2008). In ruling upon a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), "the Court accepts as true the undisputed allegations in the

complaint, and draws all inferences in favor of the plaintiff." *Lavezzo v. United States*, 74 Fed. Cl. 502, 507 (2006) (citing RCFC 12(b)(6); *Scheuer*, 416 U.S. at 236). Only uncontroverted factual allegations are accepted as true for purposes of resolving the motion. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939)). When a defendant challenges this Court's jurisdiction, the plaintiff bears the burden of proving that subject matter jurisdiction exists. *Awad*, 61 Fed. Cl. at 283; *see also Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citation omitted). Plaintiff must make its showing by a preponderance of the evidence. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "Ambiguities with regard to jurisdiction should be 'resolved against the assumption of jurisdiction.'" *Novell, Inc. v. United States*, 46 Fed. Cl. 601, 606 (2000) (quoting *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1373 (Fed. Cir. 1994)).

II. Count VII Of Continental's Complaint Should Be Dismissed For Lack Of Jurisdiction Because It Concerns Contract Administration, Not A Bid Protest

The allegations contained in Count VII, paragraphs 107 through 114, of Continental's complaint, that it did not receive the expected volume of debt collection work under its *existing* debt collection contract with the ED, is a contract administration dispute. It should, therefore, first be submitted as a CDA-certified claim to the contracting officer for that contract. Continental may not bring its challenge to ED's decisions regarding its existing contract by bringing a bid protest before this Court.

On April 7, 2009, Continental was awarded Task Order No. ED-FSA-09-0-0008, which was placed against Continental's General Services Administration (GSA) Federal Supply Schedule Contract No. GS-23F-0084P (GSA contract). Subsequently, on April 17, 2015, Continental received an award term extension, Task Order No. ED-FSA-15-0-0029. This 2015

award term extension was also against Continental's GSA contract, for an additional ordering period of two years. Count VII of Continental's complaint alleges that Continental should have received more work under its existing, incumbent contract to perform debt collection services. *See* Compl. at ¶¶ 107-114. Continental alleges that it did not receive the anticipated work because ED "diverted" the loan accounts to other contracts. *Id.* Continental theorizes that, had it received the additional work, then that work could have been transferred later to a subsequent, not-yet-awarded contract that Continental believes it will be award under the subject solicitation. *Id.*

The allegations in Count VII of the complaint clearly involve a dispute about the administration of an existing contract and should, therefore, be dismissed. The CDA applies to "any express or implied contract . . . entered into by an executive agency for . . . the procurement of services . . . ." 41 U.S.C. § 7102(a)(2). ED is an "executive agency" within the meaning of the CDA, *see* 41 U.S.C. § 7101(8); 5 U.S.C. § 101, and ED's contract with Continental is one for the provision of debt collection services. Thus, disputes concerning Continental's existing contract are subject to the CDA claims process.

Because the contract at issue in Count VII of the complaint is covered by the CDA, Continental was required, as a jurisdictional prerequisite to filing a lawsuit in this Court, to submit a valid claim to the contracting officer and receive a denial or a deemed denial of that claim. *See* 41 U.S.C. § 7103(a); *see also Kellogg Brown & Root Servs., Inc. v. United States*, 117 Fed. Cl. 764, 770 (2014) ("[T]he CDA, which mandates that '[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision,' 41 U.S.C. § 7103(a)(1), must be followed to ripen the matter for court review."); *TigerSwan, Inc. v. United* States, 110 Fed. Cl. 336, 348 (Fed. Cl. 2013) (holding that

4

the contractor's complaints with the agency's termination decision is subject to the CDA, not the Court's bid protest jurisdiction); *Advanced Materials, Inc. v. United States*, 46 Fed. Cl. 697, 701 (1999) (jurisdiction lacking over a breach of contract action not presented to the contracting officer pursuant to the CDA); *Cincinnati Elecs. Corp. v. United States*, 32 Fed. Cl. 496, 505 (1994) (claim for breach of contract damages dismissed for lack of subject matter jurisdiction where claim was not submitted to contracting officer for final decision). As the court in *Witherington Constr. Corp. v. United States*, 45 Fed. Cl. 208, 211 (1999), stated: "[T]o gain a jurisdictional foothold in this [C]ourt, a plaintiff pursuing a contract claim must satisfy two fundamental jurisdictional requirements--it must submit a claim for money presently due and must obtain a 'final decision' on that claim, either actual or deemed." A "claim" is "[a] written demand or written assertion by the contractor seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of the contract terms, or other such relief arising under or relating to the contract." 48 C.F.R. § 2.101.

"Although most federal contractors were at one point offerors for the contracts they received, once the contracts are awarded their interests in disputes with the government are those of contractors, not offerors." *Kellogg Brown & Root Servs., Inc*, 117 Fed. Cl. at 770. Thus, Continental is required to first present its allegations in the form of a proper claim to the contracting officer in this case, and obtain either or a denial or a deemed denial of that claim before it can file a lawsuit on Count VII of the complaint before this Court. *See, id.* There is no evidence demonstrating that Continental made any effort to submit a claim to the contracting officer, let alone that it obtained a decision from the contracting officer in the form of a denial or a deemed denial, prior to filing the allegations in Count VII in this Court. This Court's bid-

protest jurisdiction, 28 U.S.C. § 149l(b), does not encompass administrative contract claims that are subject to the CDA.

Accordingly, the Court should dismiss Count VII of the complaint, pursuant to RCFC 12(b)(1), for lack of subject matter jurisdiction.

## CONCLUSION

For these reasons, we respectfully request that our motion to dismiss be granted, and that Count VII of Continental's complaint be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSHCMAN, JR.
Director

/s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

JOSE OTERO
General Attorney
Office of the General Counsel
U.S. Department of Education

SARA FALK
General Attorney
Office of the General Counsel
U.S. Department of Education

/s/ Lauren S. Moore
LAUREN S. MOORE
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0333
Fax: (202) 514-8640
E-mail: lauren.moore@usdoj.gov

May 1, 2017

Attorneys for Defendant