**REDACTED VERSION**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

**BID PROTEST**

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC.; and PIONEER CREDIT RECOVERY, INC., | |
| Plaintiffs, | |
| and | CFC Nos. 17-449, 17-499 |
| COLLECTION TECHNOLOGY, INC., and PROGRESSIVE FINANCIAL SERVICES, INC., | Chief Judge Susan G. Braden |
| Intervenor-Plaintiffs, | |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant, | |
| and | |
| CBE GROUP, INC.; PREMIERE CREDIT OF NORTH AMERICA, LLC; GC SERVICES LIMITED PARTNERSHIP; FINANCIAL MANAGEMENT SYSTEMS, INC.; VALUE RECOVERY HOLDINGS, LLC; and; WINDHAM PROFESSIONALS, INC., | |
| Intervenor- Defendants. | |

**PLAINTIFF PIONEER CREDIT RECOVERY, INC.'S OPPOSITION TO F.H. CANN & ASSOCIATES, INC.'S AND NATIONAL RECOVERIES, INC.'S MOTIONS TO INTERVENE AND CONSENT TO LIMITED OR AMICUS STATUS**

Pursuant to Rule 24 of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff Pioneer Credit Recovery, Inc. ("Pioneer") opposes the motions to intervene filed by the following five small businesses: (1) F.H. Cann & Associates, Inc. ("F.H. Cann"); Immediate Credit Recovery, Inc. ("ICR"); Credit Adjustments, Inc. ("CAI"); and Professional Bureau of

Collections of Maryland, Inc. ("PBCM") (the four collectively referred to as "F.H. Cann" since F.H. Cann filed the motion and consistent with this Court's order); and (2) National Recoveries, Inc. ("NRI") in the above-captioned matter (the five collectively referred to as the "SB Applicants").  See Case No. 17-449 at Docket Nos. 69 and 75.  The SB Applicants do not meet the Court requirements for intervention under RCFC 24.

Pioneer does not oppose the participation of the SB Applicants as amici or in some other fashion solely for the limited purpose of addressing the scope of any stay or injunction issued by the Court in the above referenced consolidated cases.

Pioneer brought its case to protest the U.S. Department of Education ("ED" or the "agency") award of contracts under Solicitation No. ED-FSA-16-R-0009.  Case No. 17-499, consolidated with Case No. 17-449.  F.H. Cann and NRI do not have any interest in this protest and should not be allowed to intervene because they do not meet the requisite test under RCFC 24.

Pioneer recognizes that the SB Applicants are seeking intervention given the potential impact of the scope of the Court's injunction order on their existing contracts.  We do not oppose their participation on that limited issue, but believe it would be disruptive to have five additional parties who have no interest in the substantive issues raised in the protests to participate as parties in this consolidated case.  We do not oppose their limited participation as amici to address issues concerning whether any injunction issued by this Court will impact other contracting vehicles unrelated to Solicitation No. ED-FSA-16-R-0009.

## NATURE OF THE CASE

Pioneer brought its bid protest against ED's award of indefinite delivery/indefinite quantity ("IDIQ") contracts to Financial Management Systems Investment Corp. ("FMS"); GC Services Limited Partnership ("GC Services"); Premiere Credit of North America, Inc.

("Premiere"); The CBE Group, Inc. ("CBE"); Transworld Systems, Inc. ("TSI"); Value Recovery Holding, LLC ("VRH"); and Windham Professionals, Inc. ("Windham") (collectively the "awardees").  Pioneer also protested ED's failure to award Pioneer an IDIQ contract.

Pioneer was deemed one of the ten "most advantageous" offerors who constituted the "apparently-successful offerors" for Solicitation No. ED-FSA-16-R-0009.  During the responsibility determination for those ten offerors, however, Pioneer was arbitrarily eliminated from award based solely on ED's improper review of its Subcontracting Plan.

Pioneer protested that ED failed to conduct reasonable communications with Pioneer regarding the alleged issues in its Subcontracting Plan and failed to negotiate the Plan as required by the Federal Acquisition Regulation ("FAR").  Moreover, ED treated offerors in a disparate manner by (a) improperly conducting discussions with some, but not all offerors deemed "most advantageous;" and (b) improperly providing significant guidance to some but not all offerors, and permitting some but not all offerors to submit multiple revisions to their subcontracting plans.  ED further abused its discretion by treating the Subcontracting Plan as the sole dispositive factor in evaluating responsibility.  ED's responsibility determination was arbitrary and unreasonable, and in the alternative, the solicitation contained a latent ambiguity.

I.  **F.H. Cann and NRI Do Not Meet the Requirements to Intervene as of Right; the Interests Claimed by the SB Applicants Are Not Sufficient for Intervention**

RCFC 24(a) requires a party who wishes to intervene as a matter of right to (1) have an interest in the subject matter of the action; (2) the protection of which would be impaired without intervention; and (3) whose interests are not adequately represented by existing parties to the litigation.  F.H. Cann and NRI do not meet these threshold requirements.

RCFC 24(a) requires that a party seeking to intervene as a matter of right show either that (1) a federal statute specifically grants an unconditional right to intervene, or (2) it has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Freeman v. United States, 50 Fed. Cl. 305, 308-09 (2001). The SB Applicants do not meet this standard.

When considering a motion to intervene as of right, "the court considers (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction that is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." Wolfchild v. United States, 72 Fed. Cl. 511, 520 n.11 (2006) (citing Am. Mar. Transp. Inc. v. United States, 870 F.2d 1559, 1560 (Fed. Cir. 1989)). The asserted interest must be one that "substantive law recognizes as belonging to or being owned by the [proposed intervenor]." Osage Tribe of Indians v. United States, 85 Fed. Cl. 162, 169 (2008) (citing Am. Mar. Transp., 870 F.2d at 1562). "Intervention is proper only to protect those interests which are of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment." Am. Mar. Transp., 870 F.2d at 1561 (emphasis in original; see also Google, Inc. v. United States, 95 Fed. Cl. 661, 674-75 (2011) (no right to intervene when no evidence entity submitted bid for the contract at issue).

The rights of the SB Applicants in contracts unrelated to those awarded under the above referenced solicitation are not sufficient to support intervention in this protest.

## II. This Court Should Also Deny Permissive Intervention

### A. This Court does not have Independent Subject Matter Jurisdiction

Federal courts, including this court, are courts of limited jurisdiction, and a party seeking permissive intervention accordingly must demonstrate that the court has independent subject matter jurisdiction to hear the proposed intervenors' claims and defenses. United Keetoowah Band v. United States, 78 Fed. Cl. 303, 306 (2007). The party seeking to intervene must have an interest in the case that "would be vindicable in its own right under the Court's existing jurisdiction." Brookner v. United States, 27 Fed. Cl. 423, 424 (1992); see also 441 4th St. Ltd. P'ship v. United States, 26 Cl. Ct. 1233, 1234 (1992). A party will not be permitted to intervene where it does not independently have a claim against the United States. Osage Tribe, 85 Fed. Cl. at 178 (citing Hage v. United States, 35 Fed. Cl. 737, 742 (1996); Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 432 (1993)).

This Court does not have subject matter jurisdiction because the SB Applicants do not have an independent claim against the United States and do not have a claim that is vindicable in its own right under this Court's jurisdiction. Instead, the SB Applicants assert claims unrelated to the protested procurement and thus do not meet the permissive intervention standard.

### B. The SB Applicants Cannot Claim Common Questions of Law or Fact to Justify Intervention

Assuming the SB Applicants could demonstrate an independent basis for subject matter jurisdiction, which they cannot, RCFC 24(b)(1)(B) allows permissive intervention when the proposed intervenor's claim or defense and the main cause of action share common questions of law or fact. This Court has explained that "[a]t the core of permissive intervention is the notion that a common question of law or fact would aid the litigation by allowing all of the parties with

a common set of positions to contribute to that litigation." Nevada Site Sci. Support & Techs. Corp. v. United States, 128 Fed. Cl. 337, 338 (2016) (denying intervention where the "legal issue involve[d] only the plaintiff and the government" notwithstanding that proposed intervenor may have an interest in the outcome).  If there are no common questions of law or fact, a request for permissive intervention under RCFC 24(b)(1)(B) will be denied.  Id.; see also Chippewa Cree Tribe of Rocky Boy's Reservation v. United States, 85 Fed. Cl. 646, 661 (2009) (no common question of law where alleged fiduciary duties owed to different parties than in the underlying suit); John R. Sand & Gravel Co. v. United States, 59 Fed. Cl. 645, 657 (2004), aff'd sub nom. John R. Sand & Gravel Co. v. Brunswick Corp., 143 F. App'x 317 (Fed. Cir. 2005) ("The claim or defense that intervenor-applicants' have on their own behalf does not have a question of law or fact in common with the main action.").

In this case, there is little or no commonality and the proposed intervenors have no individual interests in the outcome of the protest.

## III.   Intervention Will Unduly Delay and Complicate the Proceedings

Pioneer recognizes that the SB Applicants seek to address the scope of the Court's injunction order.  But the SB Applicants do not have any interest in the substantive issues of the underlying protest.

Including five additional parties with no interest in the substantive issues raised in the protests will necessitate unnecessary filings and responses, serve no recognizable purpose, and will waste judicial resources.

**IV.     Pioneer Consents to Participation of the SB Applicants as Amici**

F.H. Cann filed a motion for leave to participate as amicus curiae in its sole capacity and without ICR, CAI and PBCM.  See Case No. 17-449 at Docket No. 44.  NRI has not filed a similar motion.

Pioneer does not oppose the participation of the SB Applicants as amici or in some other limited fashion for the sole purpose of addressing the scope of any stay or injunction issued by the Court.  We recognize that the Court might benefit from the SB Applicants addressing the public interest related to the performance of other contracting vehicles.

## CONCLUSION

For the reasons stated above, Pioneer respectfully requests that the Court deny F.H. Cann's and NRI's motions to intervene and to the extent the Court allows the SB Applicants to participate in the above referenced consolidated cases, that participation should be limited to that as amici for the sole purpose of addressing the scope of any stay or injunction issued by the Court.

Respectfully submitted,

Date:  May 8, 2017            By:   /s/ Jonathan D. Shaffer
                                    Jonathan D. Shaffer (jshaffer@smithpachter.com)
                                    SMITH PACHTER MCWHORTER PLC
                                    8000 Towers Crescent Drive, Suite 900
                                    Tysons Corner, Virginia 22182
                                    Tel: (703) 847-6280
                                    Fax: (703) 847-6312
                                    *Counsel of Record for Plaintiff
                                    Pioneer Credit Recovery, Inc.*

*Of Counsel*
Mary Pat Buckenmeyer (mbuckenmeyer@smithpachter.com)
Zachary D. Prince (zprince@smithpachter.com)
Sean K. Griffin (sgriffin@smithpachter.com)
SMITH PACHTER MCWHORTER PLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May 2017, Plaintiff Pioneer Credit Recovery, Inc.'s Opposition to F.H. Cann & Associates, Inc.'s and National Recoveries, Inc.'s Motions to Intervene was electronically filed. I understand that notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jonathan D. Shaffer
Jonathan D. Shaffer