IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| CONTINENTAL SERVICE GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PIONEER CREDIT RECOVERY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-449C |
| | ) | No. 17-499C |
| THE UNITED STATES, | ) | (Consolidated) |
| | ) | Chief Judge Susan G. Braden |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CBE GROUP, INC., | ) | |
| | ) | |
| FINANCIAL MANANGEMENT | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| GC SERVICES LIMITED | ) | |
| PARTNERSHIP | ) | |
| | ) | |
| PREMIERE CREDIT OF NORTH | ) | |
| AMERICA, LLC, | ) | |
| | ) | |
| VALUE RECOVERY HOLDINGS, LLC, | ) | |
| | ) | |
| WINDHAM PROFESSIONALS, INC., | ) | |
| | ) | |
| Intervenors. | ) | |

<u>DEFENDANT'S NOTICE OF CORRECTIVE ACTION</u>

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSHCMAN, JR.
Director

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

JOSE OTERO
General Attorney
Office of the General Counsel
U.S. Department of Education

SARA FALK
General Attorney
Office of the General Counsel
U.S. Department of Education

May 19, 2017

LAUREN S. MOORE
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0333
Fax: (202) 514-8640
E-mail: lauren.moore@usdoj.gov

Attorneys for Defendant

**TABLE OF CONTENTS**

DEFENDANT'S NOTICE OF CORRECTIVE ACTION .......................................................... 1

    I.     Background ........................................................................................................... 2

         A.    The Procurement ................................................................................. 2

         B.    GAO's Decision ................................................................................. 4

         C.    The Protests In This Court ................................................................ 5

    II.    ED's Corrective Action Plan Is Based On A Thorough Review Of Its Evaluation And The GAO's Decision ................................................................................... 7

    III.   The Agency's Corrective Action Plan Is Rational And Reasonable ................................ 10

CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Advanced Data Concepts, Inc. v. United States,*
   216 F.3d 1054 (Fed. Cir. 2000) ............................................................................ 10

*Bannum, Inc. v. United States,*
   404 F.3d 1346 (Fed. Cir. 2005)............................................................................. 10

*Chapman Law Firm v. Greenleaf Const. Co. v. United States,*
   490 F.3d 934 (Fed. Cir. 2007)............................................................................... 13

*DGS Contract Serv., Inc. v. United States,*
   43 Fed. Cl. 227 (1999) .......................................................................................... 10

*Honeywell, Inc. v. United States,*
   870 F.2d 644 (Fed. Cir. 1989)............................................................................... 11

*Impresa Construzioni Geom. Domenico Garufi v. United States,*
   238 F.3d 1324 (Fed. Cir. 2001)............................................................................. 10

*Mantech Tele. & Info. Corp. v. United States,*
   49 Fed. Cl. 57 (2001) ............................................................................................ 11

*MCII Generator & Elec.,*
   2002 WL 32126244................................................................................................ 10

*Metropolitan Van and Storage, Inc. v. United States,*
   92 Fed. Cl. 232 (2010) .......................................................................................... 11

*SP Systems, Inc. v. United States,*
   86 Fed. Cl. 1 (2009) .............................................................................................. 11

*Systems Application & Tech., Inc. v. United States,*
   691 F.3d 1374 (Fed. Cir. 2012).............................................................................. 11

*Turner Const. Co. v. United States,*
   645 F.3d 1377 (Fed. Cir. 2011).............................................................................. 11

**Statutes**

28 U.S.C. § 1491(b)(1) ................................................................................................. 2

5 U.S.C. § 706(2)(A)..................................................................................................... 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| PIONEER CREDIT RECOVERY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-449C |
| ) | No. 17-499C |
| THE UNITED STATES, ) | (Consolidated) |
| ) | Chief Judge Susan G. Braden |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CBE GROUP, INC., ) | |
| ) | |
| FINANCIAL MANAGEMENT ) | |
| SYSTEMS, INC., ) | |
| ) | |
| GC SERVICES LIMITED ) | |
| PARTNERSHIP ) | |
| ) | |
| PREMIERE CREDIT OF NORTH ) | |
| AMERICA, LLC, ) | |
| ) | |
| VALUE RECOVERY HOLDINGS, LLC, ) | |
| ) | |
| WINDHAM PROFESSIONALS, INC., ) | |
| ) | |
| Intervenors. ) | |

DEFENDANT'S NOTICE OF CORRECTIVE ACTION

Pursuant to the Court's order dated May 2, 2017, defendant, the United States, respectfully provides notice of the corrective action that the United States Department of Education (ED) intends to take with respect to the post-award bid protests filed in these

consolidated cases pursuant to 28 U.S.C. § 1491(b)(1).  As described below, ED intends to take

corrective action by making minor amendments to Solicitation No. ED-FSA-16-R-0009 (the

solicitation), requesting revised proposals, and conducting a new evaluation.  As a result of ED's

decision to take corrective action, plaintiffs' challenges to the evaluation of their proposals are

moot, because plaintiffs will have the opportunity to submit revised proposals and ED will

conduct an evaluation of their proposals in accordance with the amended solicitation.

    I.    <u>Background</u>

        A.  <u>The Procurement</u>

In December 2015, ED's Federal Student Aid (FSA) issued the solicitation,

seeking proposals for debt collection services on defaulted Federal student loans.  *See* Exhibit A,

at 3.[1]  The solicitation stated that the Government anticipated awarding one or more indefinite

delivery/indefinite quantity (IDIQ) contracts for default collection services, and did not limit the

number of awards to be made.  *Id.*

The solicitation, as amended, provided for the evaluation of proposals under three factors:

past performance, management approach, and small business participation plans.  The

solicitation also indicated that, as part of the responsibility determination of every offeror

selected for award, ED would consider whether the offeror's subcontracting plan (if required)

reflected and was consistent with the commitments offered by the offeror in its small business

participation plan.  "Offerors were required to meet the minimum mandatory small business

participation goal, which was established as '31 [percent] of total contract value.'"  Ex. A at 5.

*Id.* at 4-5.

---

[1]   Exhibit A is the public version of the Government Accountability Office's (GAO)
decision dated March 27, 2017.

ED received 47 timely proposals in response to the solicitation. *Id*. The proposals were evaluated by technical committees established by ED. *Id*. After evaluation, ED's Source Selection Authority (SSA) identified 10 proposals as being most advantageous to the Government. ED then proceeded to conduct a responsibility determination with respect to those 10 offerors. *Id*. at 7. The SSA found three of the prospective awardees to be non-responsible, including plaintiffs Continental Service Group, Inc. (Continental) and Pioneer Credit Recovery, Inc. (Pioneer), and therefore ineligible for award. *Id*. Specifically, both these firms were found to have submitted subcontracting plans that neither reflected nor were consistent with the commitments offered by these firms in their small business participation plans.

In December 2016, ED awarded contracts under the solicitation to seven contractors: Premiere Credit of North America, LLC (Premiere), Financial Management Systems, Inc. (FMS), GC Services Limited Partnership (GC Services), The CBE Group, Inc. (CBE), Transworld Systems, Inc. (TSI), Value Recovery Holdings, Inc. (Value Recovery), and Windham Professionals, Inc. (Windham). ED did not make an award to either Continental or Pioneer, the plaintiffs in this case, or the plaintiffs in the related cases, *i.e.*, Account Control Technology, Inc. (ACT), Alltran Education, Inc. (Alltran), Progressive Financial Services, Inc. (Progressive), Collection Technology, Inc. (CTI), or Van Ru Credit Corporation (Van Ru).

Of the 47 offerors, 22 protested their non-selection for award to the GAO, and one other offeror submitted an agency-level protest. The protestors at GAO included plaintiffs Continental, Pioneer, ACT, Alltran, Progressive, and CTI. The protestors generally challenged ED's evaluation of proposals and resulting award decisions. *Id*. at 8. Before GAO issued a decision on either Continental's or Pioneer's protests, Continental withdrew its protest at GAO and filed a complaint in this Court. Because the issues in the Continental and Pioneer protests

3

were similar, GAO subsequently dismissed Pioneer's protest because the issue, as alleged in Continental's complaint, was pending before this Court.

    B.   GAO's Decision

On March 27, 2017, GAO issued its decision on all remaining protests. Ex. A.  In its decision, GAO determined that, in several instances, the agency had neglected to consider relevant past performance information.  Specifically, in some instances, evaluators ignored or discounted relevant information bearing on the quality of the offeror's past performance if it was not included in a Contractor Performance Appraisal System (CPARS) report.  *See id.* at 12-20. Instead, the evaluators gave undue weight to the internal Government evaluations on past contracts, to the exclusion of other past performance information supplied by the offerors.  *Id.* at 12, 14.  Moreover, the relevance to the subject-matter of the solicitation of some of the internal Government references on which the agency extensively relied was unclear.  *Id.* at 14.  Also, in one case involving a team of firms submitting a joint proposal, the agency did not evaluate proposed team members' individual past performance, as required by the solicitation.  *Id.* at 16.

With respect to ED's evaluation of the offerors' management approach, GAO identified a number of errors in ED's evaluation and sustained some of the protests on this basis.  Some of the errors affected the evaluation of several proposals; other errors were limited to individual proposals.  *Id.* at 21.  GAO found that ED did "not appear to have contemporaneously reviewed the entirety of the offerors' proposals with respect to their complete management approaches (*i.e.*, management plan, key personnel resumes, and [quality control plan])."  *Id.* at 24.  GAO determined that ED's compartmentalized review of proposals under the management approach factor resulted in an unreasonable evaluation in several instances.  *Id.*

In addition, there were instances of unstated evaluation criteria that affected many offerors. *Id*. at 27. For instance, several offerors were rated negatively for failing to propose quality control managers with certain minimum educational and certification requirements, even though the solicitation did not provide any minimum requirements for this position. *Id*. at 27-28. Moreover, the evaluators appeared to downgrade offerors for failing to address certain criteria in their management plans, such as demonstrating how they would mitigate the risk associated with decreasing volumes of work, that were not stated in the solicitation. *Id*. at 35.

Notably, GAO did not find any errors in the agency's evaluation of the third evaluation factor, the small business participation plan, rejecting the claims of two protestors, including ACT, that there were errors in that part of the evaluation.

GAO recommended that the agency amend the solicitation, as appropriate, to accurately reflect the agency's needs. *Id*. at 41. GAO also recommended that the agency conduct and adequately document a new evaluation of proposals under the past performance and management approach factors. *Id*. GAO suggested that, after conducting its new evaluation, the agency prepare and adequately document a new source selection decision. *Id*. In the event that any of the current awardees are not evaluated as having a proposal among the most advantageous to the Government, GAO recommended that the agency terminate any such awards for the Government's convenience. *Id*.

C. <u>The Protests In This Court</u>

On March 28, 2017, Continental filed a complaint in this Court. Con. Compl.[2] In its complaint, Continental challenged ED's responsibility determination. Continental's complaint

---

[2] "Con. Compl." refers to Continental's complaint, filed on March 28, 2017.

asserts that ED treated offerors differently and erred in determining that Continental was non-responsible and thus ineligible for award.[3]  Con. Compl. ¶¶ 68-104.

Shortly thereafter, on April 10, 2017, plaintiff Pioneer filed a complaint with this Court, Fed. Cl. No. 17-499C.  Pioneer Compl.[4]  Similar to Continental's complaint, Pioneer alleged that ED treated offerors disparately and erred in determining that Pioneer was non-responsible because its subcontracting plan neither reflected nor was consistent with the commitments Pioneer made in its small business participation plan.  Pioneer Compl. ¶¶ 80-122.  Pioneer's complaint was consolidated with this case.  In separate but related cases, plaintiffs ACT (Fed. Cl. No. 17-493C), and Alltran (Fed. Cl. No. 17-517C), allege that ED violated statutes and regulations in its evaluation of their proposals submitted in response to the solicitation.  ACT claimed error in the evaluation under the small business participation factor.  Alltran alleged error in the evaluation of past performance.  GAO disagreed with both, finding the agency had properly excluded both proposals and denying the protests.  Ex. A at 11, 38, 40.

Finally, in additional self-described related cases, plaintiffs Progressive (Fed. Cl. No. 17-558C), CTI (Fed. Cl. No. 17-578C), and Van Ru (Fed. Cl. No. 17-633C), allege that ED should refrain from recalling student loan accounts on prior, now expired contracts, because GAO sustained their protests in its decision dated March 27, 2017.  The claims set forth in Progressive's, CTI's, and Van Ru's complaints are Contract Disputes Act claims, or claims not

---

[3]  Count VII of Continental's complaint alleged that Continental was not receiving as many accounts under its existing 2015 award term extension debt collection contract as it had anticipated.  Continental alleged that it was entitled to accounts that were instead assigned to other existing, uncontested contracts.  Con. Compl. ¶¶ 107-114.  The Court dismissed this claim by order dated May 2, 2017.

[4]  "Pioneer Compl." refers to Pioneer's complaint, filed on April 10, 2017.

related to the solicitation at issue in this case.  We intend to file motions to dismiss those complaints.

With the exception of Continental and Pioneer, these cases are not consolidated. Nevertheless, because all of the cases involve either directly or indirectly the solicitation at issue in this matter, the Court has combined proceedings in these cases in many respects, including but not limited to participation in Court conferences and the issuance of injunctive and other orders.

II.     ED's Corrective Action Plan Is Based On A Thorough
        Review Of Its Evaluation And The GAO's Decision

Prior to formulating a corrective action plan, ED reviewed and carefully considered its evaluation of the proposals, as well as GAO's recommendations.  Based on GAO's findings of error only in the evaluation of past performance and management approach, ED focused its review on those areas.  Decl. Bradfield (Decl.) ¶ 5.

With respect to the past performance evaluation, GAO stated that ED "appears in several circumstances to have unreasonably either ignored or discounted relevant information bearing on the quality of offerors' past performance if it was not included in a [Government] report."  Ex. A, at 12.  The solicitation required the agency "to consider the similarities in the size, scope, and complexity" of past work to the work required under the solicitation for each of the three references provided by offerors.  *See id*. at 4.

Upon a review of the past performance evaluations, ED acquisition officials agree with GAO, that ED's evaluation of the offerors' proposals primarily reviewed and considered an offeror's past performance information in connection with only Government contracts, as opposed to all of an offeror's past performance information, including non-Government work. *See* Decl. ¶ 6.  For instance, as explained by GAO, the technical evaluation team, when evaluating the past performance information of one of the offerors against the solicitation's past

performance "quality" subfactor, appears to have considered only that offeror's incumbent contract, and ignored its two other, commercial contracts.  Decl. ¶ 7.  Because a significant amount of time has elapsed since February 2016, when offerors submitted their original proposals, ED intends to allow offerors the opportunity to submit new past performance proposals, and then will reevaluate all past performance proposals in accordance with the solicitation.  Decl. ¶ 8.

ED has also reviewed GAO's findings in connection with the management approach evaluation.  ED agrees with GAO that the evaluators applied evaluation criteria that were not reasonably encompassed by the solicitation language and appeared to apply those criteria inconsistently.  Decl. ¶ 9.  Specifically, several offerors were rated as weak for failing to propose quality control managers with certain minimum educational and certification requirements.  ED agrees that the solicitation did not require offerors to state the educational or certification requirements of quality control managers.  ED intends to amend the solicitation to clarify the instructions on submission of information about the qualifications of proposed personnel.  *Id.*

ED will also amend the solicitation to provide more specific instruction regarding the contents of the proposed management plan, and it will invite all 47 firms who submitted timely offers to submit revised management plans and resumes for the two key personnel positions of contract representative and project manager.  Decl. ¶ 10.  ED will then evaluate the offerors' revised proposals in accordance with the solicitation, as part of a new management approach evaluation.  *Id.*

As part of the responsibility determination of every apparently successful offeror, ED will review the offeror's subcontracting plan, if required to be submitted.[5]  Every offeror will be

---

[5]   Small businesses are not required to submit subcontracting plans.  FAR 19.702(b)(1).

given an opportunity to revise its subcontracting plan to address any inconsistencies between the subcontracting plan and the offeror's original, unrevised small business participation plan. Revisions to small business participation plans will not be permitted.  Decl. ¶ 11.

In its reevaluation, ED reserves the right to conduct discussions.  Decl. ¶ 12.  ED, however, may elect to proceed to award without discussions.  *Id*.  After conducting the reevaluation, ED will prepare and document a new source selection decision.  Decl. ¶ 13.  One or more contracts will be awarded to the responsible offeror(s) whose proposal(s) is/are the most advantageous to the Government.  *Id*.  In the event that any of the current awardees are not evaluated as having a proposal among the most advantageous to the Government, ED will terminate those awards for the convenience of the Government.  *Id*.

ED plans to conduct the reevaluation in accordance with the following schedule:

| | |
|---|---|
| May 26, 2017 | Solicitation amendment and request for revised proposals issued[6] |
| June 16, 2017 | Due date for the submission of revised proposals |
| June 19, 2017 to August 24, 2017 | Evaluation[7] of past performance and management approach; selection of most advantageous proposals, responsibility determinations and other pre-award activities |
| August 25, 2017 | Notice of awards and notices of termination issued |

Decl. ¶ 14.

---

[6]  Offerors will be required to submit revised management plans and the resumes for proposed project manager and contract representative.  Offerors will not be required, but may choose to submit, revised quality control plans and a revised past performance volume (Sections B & C of the proposals).  As evaluation factor three is not being reevaluated, no revisions to small business participation plans will be accepted or considered.

[7]  ED reserves the right to conduct discussions, but may proceed to award without discussions.  If discussions are held, dates for subsequent activities will be rescheduled approximately three weeks later.

9

III.     The Agency's Corrective Action Plan Is Rational And Reasonable

The agency's corrective action plan is rational and reasonable.  The Court's limited

review of agency decisions is set forth in the Administrative Procedure Act, 5 U.S.C.

§ 706(2)(A) (APA).  The APA provides that an agency decision may be set aside only if it is

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C.

§ 706(2)(A); *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005).  Thus, an

agency's procurement decision may be set aside if it lacks a rational basis or involved a violation

of statute or regulation.  *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238

F.3d 1324, 1332 (Fed. Cir. 2001).  This standard of review is highly deferential to the agency's

decision.  *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1057-58 (Fed. Cir.

2000).

In applying this standard to an agency's corrective action, contracting officers are

provided with "broad discretion to take corrective action where the agency determines that such

action is necessary to ensure fair and impartial competition."  *DGS Contract Serv., Inc.

v. United States*, 43 Fed. Cl. 227, 238 (1999).  The chosen corrective action must be reasonable

under the circumstances.  *Id.*  To be reasonable, the corrective action must be rationally related to

the defect to be cured.  *MCII Generator & Elec.*, 2002 WL 32126244.

GAO recommended that ED amend the solicitation to reasonably reflect its needs, solicit

revised proposals, and conduct discussions with offerors as necessary.  GAO also recommended

that ED reevaluate the past performance proposals in accordance with the solicitation's

requirements.  GAO further advised that, after conducting a new evaluation, ED prepare and

document a new source selection decision and make new awards as warranted.  If, upon

reevaluation, any of the seven prior awardees is determined as not having a proposal among the

10

most advantageous to the Government, then GAO recommends that ED terminate its contract.

ED's decision to implement GAO's recommendations is reasonable and rational and should by upheld by the Court.  ED acquisition officials do not dispute GAO's finding that the offerors' management plans were evaluated against unstated evaluation criteria, such as how offerors intended to mitigate the risk of decreasing volumes of work, and the educational qualifications of quality control managers.  ED believes that minor revisions to the solicitation to clarify the instructions regarding management plans, personnel qualification information, and the submission of key personnel resumes, are appropriate.  Moreover, acquisition officials agree with GAO that ED evaluators failed to give appropriate and equal consideration to past performance information on non-Federal work, which was contrary to the solicitation's requirements that relevant past performance information be considered.  ED intends to reevaluate the past performance proposals in accordance with the solicitation.

This Court has held that "[i]f the GAO makes a rational recommendation and the agency simply implements that recommendation, then the agency itself has a rational basis." *SP Systems, Inc. v. United States*, 86 Fed. Cl. 1, 14 (2009).  As the Court of Appeals for the Federal Circuit held in *Honeywell, Inc. v. United States*, 870 F.2d 644, 647 (Fed. Cir. 1989), the question is whether the agency justifiably followed GAO's recommendation.  This Court has held that it will not object to an agency's proposed corrective action plan if it is reasonable and appropriately remedies the errors.  *See Metropolitan Van and Storage, Inc. v. United States*, 92 Fed. Cl. 232 (2010) (Department of Defense's (DOD) decision to amend solicitation and request revised proposals had rational basis since DOD appropriately followed one suggestion by GAO for corrective action).  A court must review the errors that gave rise to the corrective action under review.  *Mantech Tele. & Info. Corp. v. United States*, 49 Fed. Cl. 57, 65 (2001).  *See e.g.,*

*Turner Const. Co. v. United States*, 645 F.3d 1377 (Fed. Cir. 2011) (agency erred when it decided to follow GAO's recommendations and re-procure when the GAO decision itself lacked a rational basis and was contrary to law); *Systems Application & Tech., Inc. v. United States*, 691 F.3d 1374 (Fed. Cir. 2012) (GAO informal assessment that protest had merit was not a rational basis for the corrective action since GAO was incorrect regarding the timeliness requirement and failed to accord appropriate deference to the agency).

Here, ED's corrective action plan is carefully tailored and considers the specific errors in the recent evaluation and the actions necessary to fully correct them.  ED will seek revised management plans and key personnel resumes from the 47 offerors who submitted timely proposals.  Offerors may submit revised past performance information and quality control plans, but will not be required to do so.  ED will not permit revisions to the small business participation plans because that part of the evaluation is not being redone and the solicitation is not being revised in that area.  ED will then reevaluate the offerors' proposals.

For those offerors determined to have submitted the most advantageous proposals, ED will conduct a responsibility determination.  At that time, should Continental and Pioneer be in that group, they each would have the opportunity, as would the other apparently successful offerors, to submit an updated subcontracting plan and to address any inconsistency in the commitments they made in their subcontracting plans and in their original (unrevised) small business participation plans.  No revisions to any small business participation plan will be permitted.  One or more awards will then be made to those offerors in the group of apparently successful offerors who are determined to be responsible.  Clearly, ED's corrective action plan is rational and reasonable under the circumstances because it is responsive to the errors in the evaluation process, and allows for a successful completion of this procurement.

As a result of ED's decision to take corrective action, all of the pending challenges to the evaluation of plaintiffs' proposals and responsibility determinations are now moot, because plaintiffs will have the opportunity to submit revised proposals, and ED will conduct a reevaluation of their proposals in accordance with the solicitation.  Corrective action renders a case moot "when there clearly is no 'reasonable expectation that the alleged violation will recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'"  *Chapman Law Firm v. Greenleaf Const. Co. v. United States*, 490 F.3d 934, 939 (Fed. Cir. 2007).

CONCLUSION

For these reasons, we respectfully request that the Court uphold the agency's corrective action plan and dismiss the complaints as moot.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSHCMAN, JR.
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:                                  s/ Lauren S. Moore

JOSE OTERO                                   LAUREN S. MOORE
General Attorney                             U.S. Department of Justice
Office of the General Counsel                Commercial Litigation Branch, Civil Division
U.S. Department of Education                 P.O. Box 480
                                             Ben Franklin Station
SARA FALK                                    Washington, D.C. 20044
General Attorney                             Tel: (202) 616-0333
Office of the General Counsel                Fax: (202) 514-8640
U.S. Department of Education                 E-mail: lauren.moore@usdoj.gov

May 19, 2017                                 Attorneys for Defendant