## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONTINENTAL SERVICES GROUP, INC. and PIONEER CREDIT RECOVERY, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| and | )<br>) |
| COLLECTION TECHNOLOGY, INC. and PROGRESSIVE FINANCIAL, INC., | )<br>)<br>) |
| Intervenor-Plaintiffs, | ) Nos. 17-449C, 17-499C |
| v. | ) (Chief Judge Braden)<br>) |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |
| And | )<br>) |
| CBE GROUP, INC., PREMIERE CREDIT OF NORTH AMERICA, LLC, GC SERVICES LIMITED PARTNERSHIP, FINANCIAL MANAGEMENT SYSTEMS, INC., VALUE RECOVERY HOLDINGS, LLC, and WINDHAM PROFESSIONALS, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Intervenor-Defendants. | )<br>) |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of this Court (RCFC), defendant, the United States, respectfully requests that this Court dismiss the complaints filed by plaintiff Continental Services Group, Inc. (Continental) and plaintiff Pioneer Credit Recovery, Inc. (Pioneer), respectively, because Continental's and Pioneer's challenges

to the actions of the United States Department of Education (ED) have been rendered moot in light of remedial action taken by the ED. In support of this motion, we rely on the following brief.

## STATEMENT OF FACTS

On March 28, 2017, Continental filed a complaint in this Court, challenging the ED's determination that it was non-responsible under Solicitation No. ED-FSA-16-R-0009 (solicitation), seeking collection services for defaulted student loans under the ED's Federal Student Aid (FSA) program, and thus ineligible for award. According to Continental, its small business participation plan and subcontracting plans met the solicitation's requirements. Cont. Compl. ¶¶ 68-106.[1] In Count VII of its complaint, Continental further alleged that it was not receiving as many accounts under its existing 2015 award term extension (ATE) debt collection contract as it had anticipated. *Id*. ¶¶ 107-14. On May 2, 2017, the Court dismissed Count VII for lack of subject-matter jurisdiction. Order dated May 2, 2017 at 2.

On April 10, 2017, Pioneer filed a complaint in this Court, challenging the ED's determination that it too was non-responsible and ineligible for award under the same solicitation. *See* Pioneer Compl. ¶¶ 95-133.

Earlier, on March 27, 2017, the Government Accountability Office (GAO) had issued a decision on protests regarding the same solicitation filed by offerors other than Continental and Pioneer. *See Gen. Revenue Corp.*, B-414220.2 et al. (Comp. Gen. Mar. 27, 2017) (Ex. A to Defendant's Notice of Corrective Action, May 19, 2017). GAO

---

[1] "Cont. Compl." refers to Continental's complaint filed on March 28, 2017. "Pioneer Compl." refers to Pioneer's complaint filed on April 10, 2017.

sustained the protests in part, and denied the protests in part. *Id*. GAO recommended that the agency amend the solicitation, as appropriate, to accurately reflect its needs. Ex. A to Notice at 41. It also suggested that the agency conduct and adequately document a new evaluation of proposals under the past performance and management approach factors. *Id.* GAO proposed that, after conducting a new evaluation, the agency prepare and adequately support a new source selection decision. *Id*. If any of the current awardees are evaluated as not having a proposal among the most advantageous to the Government, GAO recommended, then the agency should terminate any such awards for the Government's convenience. *Id*.

On May 19, 2017, we filed a notice of corrective action advising the Court that the ED had determined to implement the GAO's recommendations. Although the GAO recommendations to be implemented did not concern Continental's and Pioneer's specific claims, the effect of the corrective action is to grant Continental and Pioneer all of the relief that this Court could have granted them. As a result, the ED's decision to take corrective action has rendered these protests moot and these actions beyond this Court's jurisdiction to entertain.

ARGUMENT

This protest should be dismissed for lack of subject-matter jurisdiction because ED is taking corrective action by amending the solicitation, inviting revised proposals, and reevaluating the proposals, as may be revised, of Continental and Pioneer, among other offerors. This will afford Continental and Pioneer a fair opportunity to compete as if its offers had not initially been rejected based on non-responsibility determinations. Continental's and Pioneer's protests are, therefore, now moot.

I. <u>This Court Does Not Possess Jurisdiction To Decide Moot Cases</u>

It is well-established that justiciability, including mootness, is a question of subject-matter jurisdiction. *CW Gov't Travel, Inc. v. United States*, 46 Fed. Cl. 554, 556 (2000) (citing *N.C. v. Rice*, 404 U.S. 244, 246 (1971)). "The mootness doctrine originates from the 'case or controversy' requirement of Article III of the United States Constitution." *Northrop. Corp., Northrop Elecs. Sys. Div. v. United States*, 27 Fed. Cl. 795, 800 n.4 (1993) (citing *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974)). Although the jurisdiction of this Court, as an Article I court is not limited by the "case or controversy" requirement of Article III, this Court and other Article I courts have adopted many justiciability precepts based upon prudential grounds. *See, e.g., Schooling v. United States*, 63 Fed. Cl. 204, 209 (2004) (dismissing case for lack of subject-matter jurisdiction because claims asserted in the complaint were moot); *CW Gov't Travel*, 46 Fed. Cl. at 558 (citing *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996)) (granting motion to dismiss for mootness); *see also Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III.").

The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "[J]urisdiction, properly acquired, may abate if the case becomes moot because: (1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur . . . , and (2) interim relief or events have completely and

irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631 (citations omitted).

   II.   Plaintiffs Have Received All The Relief They Could Obtain From This Court

Continental and Pioneer now have the opportunity to submit revised proposals, and the ED will reevaluate their proposals in accordance with the terms of the amended solicitation.  Moreover, as part of the responsibility determination of every apparently-successful offeror, the ED will review the offeror's subcontracting plan.  At that time, the apparently-successful offerors, which may include Continental or Pioneer, will be given an opportunity to address any inconsistency between their subcontracting plans and their original small business participation plan.  Dismissal is warranted, therefore, because Continental and Pioneer will be permitted to re-enter the competition as if their proposals had never been rejected, and each plaintiff has obtained all of the lawful relief that it sought in its complaint.  *See* Cont. Compl. at Prayer for Relief; Pioneer Compl. at Prayer for Relief; *Davis* 440 U.S. at 631; *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 940 (Fed. Cir. 2007) ("When, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should generally be dismissed.").

During a status conference held on May 22, 2017, the Court, citing *Guardian Moving and Storage Company, Inc. v. United States,* 657 F. Appx. 1018 (Fed. Cir. Aug. 22, 2016), suggested that the Court of Appeals for the Federal Circuit has held that a bid protest action cannot be rendered moot until the agency has completed its corrective action plan.  Respectfully, the Federal Circuit has held no such thing.  To the contrary, the Federal Circuit has held the opposite.  *See id.* at 1025 ("In response to its First Post-

Award Protest, the agency, *by virtue of its decision to institute corrective action*, provided [the only other possible relief [Guardian] could be entitled to].") (emphasis added).  The Federal Circuit held that the *decision itself* to take corrective action rendered the action moot, explaining that "the corrective action extinguished the existing controversy—i.e., whether MVS's proposal was technically acceptable at the time of Guardian's First Post-Award Protest."  *Id*.  Here, there is no "existing controversy" regarding the ED's non-responsibility determinations concerning Continental's and Pioneer's proposals because those determinations are now inoperative.  We have given the Court notice of the ED's decision to implement corrective action in accordance with the GAO recommendations.  The allegations in Continental's and Pioneer's complaints now have no force or effect.  There simply is no case or controversy for this Court to adjudicate.  The Court no longer has jurisdiction to entertain these actions.

To the extent the Court may wish to supervise the ED as it carries out the corrective action, controlling Federal Circuit precedent would prohibit any such supervision.  In *Chapman Law Firm*, the Federal Circuit reversed this Court's post-corrective action judgment in the protester's favor because the Court "was required to assume that the Government would carry out the corrective action in good faith."  490 F.3d at 940 (citing *T & M Distribs., Inc. v. United States*, 185 F.3d 1279, 1285 (Fed. Cir. 1999) ("Government officials are presumed to act in good faith, and 'it requires "well-nigh irrefragable proof" to induce a court to abandon the presumption of good faith.'") (quoting *Kalvar Corp. v. United States*, 211 Ct. Cl. 192, 543 F.2d 1298, 1301-02 (1976))).  *See also Road & Highway Builders v. United States*, 702 F.3d 1365, 1369 (Fed. Cir. 2012) (rejecting attempts to limit the good faith presumption by clarifying, "That is

not our law.").[2] In *Chapman Law Firm*, the Federal Circuit explained, "[t]he revised corrective action adequately addressed the effects of the challenged action, and the Court of Federal Claims has no reasonable expectation that the action would recur." *Id.* at 940. "Accordingly," the Federal Circuit concluded, "the Court of Federal Claims should have dismissed the case." *Id.*

Under the agency's corrective action, Continental and Pioneer have received all of the relief that this Court could grant them. This Court has no power to review inoperative non-responsibility determinations concerning Continental and Pioneer. The Court has no basis to believe that the inoperative non-responsibility determinations will recur. The Court should dismiss these actions.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the plaintiffs' complaints.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

---

[2] For similar reasons, the Court's refusal to accept the Government's representations that the ED would stay the awarded contracts, and the Court's subsequent finding of irreparable harm, despite the Government's assurances, in entering a preliminary injunction, *see* May 2, 2017 Order at 2, were, respectfully, contrary to controlling Federal Circuit precedent.

| | |
|---|---|
| OF COUNSEL: | s/ Lauren S. Moore |
| | LAUREN S. MOORE |
| JOSE OTERO | Trial Attorney |
| SARA FALK | Commercial Litigation Branch |
| General Attorneys | Civil Division |
| Office of the General Counsel | Attn: Classification Unit, 8th Floor |
| U.S. Department of Education | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | Telephone: (202) 616-0333 |
| | Facsimile: (202) 514-8640 |
| | E-mail: lauren.moore@usdoj.gov |
| May 23, 2017 | Attorneys for Defendant |