# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONTINENTAL SERVICES GROUP, INC. and PIONEER CREDIT RECOVERY, INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| COLLECTION TECHNOLOGY, INC. and PROGRESSIVE FINANCIAL, INC., | ) ) ) |
| Intervenor-Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| And | ) ) |
| CBE GROUP, INC., PREMIERE CREDIT OF NORTH AMERICA, LLC, GC SERVICES LIMITED PARTNERSHIP, FINANCIAL MANAGEMENT SYSTEMS, INC., VALUE RECOVERY HOLDINGS, LLC, and WINDHAM PROFESSIONALS, INC., | ) ) ) ) ) ) ) ) ) |
| Intervenor-Defendants. | ) ) |

Nos. 17-449C, 17-499C
(Chief Judge Braden)

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSES TO DEFENDANT'S MOTION TO DISMISS THESE CASES AS MOOT

Pursuant to Rule 7.2(b)(2) of the Rules of this Court (RCFC), defendant, the United States, respectfully replies to plaintiffs' responses to defendant's motion to dismiss these cases as moot.

As we explained in our motion to dismiss, this protest should be dismissed for lack of subject-matter jurisdiction because the Department of Education (ED) is taking corrective action in the subject procurement by amending the solicitation, inviting revised proposals, and reevaluating the proposals of plaintiff Continental Services Group, Inc. (Continental) and plaintiff Pioneer Credit Recovery, Inc. (Pioneer), among other offerors. This will afford Continental and Pioneer a fair opportunity to compete as if their offers had not initially been rejected based on non-responsibility determinations. There is no other relief this Court could offer them. There is no live controversy regarding any of the allegations in their respective complaints. Continental's and Pioneer's protests are, therefore, now moot.

I. <u>Defendant's Reply To Pioneer's Response To Defendant's Motion To Dismiss</u>

On May 30, 2017, Pioneer filed a response to our motion to dismiss. Pioneer does not oppose a dismissal of its complaint as long as there is a "Court Order confirming ED's agreement to stay the seven protested awards until completion of [the] corrective action." Pioneer Res. at 1; *see also* Pioneer Res. at 2 ("[t]he Pioneer action is not moot unless ED agrees to stay the seven protested awards *pending completion of corrective action* and the Court confirms this in an order.") (emphasis in original).

ED has already stated that it intends to voluntarily stay performance on the seven contracts awarded under the subject solicitation pending the conclusion of the corrective action. As undersigned counsel for defendant explained to Pioneer's counsel by electronic mail on May 19, 2017, the Government's April 4, 2017 filing with the Court notifying the Court that ED intended to voluntarily stay performance of the 2016 contract awards has not be rescinded. Furthermore, as explained to Pioneer's counsel, ED intends to continue the stay of performance of the 2016 awards until completion of the corrective action. *See* Exhibit 1 to Pioneer's response

(email correspondence between Pioneer's counsel and undersigned counsel for defendant on May 19, 2017). Contrary to Pioneer's assertions, defendant has made no contrary statements to counsel or the Court. Therefore, Pioneer does not oppose a dismissal by this Court of its complaint.

Moreover, consistent with defendant's motion to vacate the preliminary injunction, filed with the Court on May 19, 2017, Pioneer's response requests that the Court lift the preliminary injunction on existing contracts. *See* Pioneer Res. at 1 (Pioneer requests the Court to "[l]ift or vacate the preliminary injunction as to any contracting vehicles other than the seven protested awards."); Res. at 3 ("Pioneer respectfully requests that the Court stay proceedings and lift the preliminary injunction except as to the seven protested awards pending completion of corrective action."); Res. at 10 (it is appropriate for the Court to lift the preliminary injunction on existing contracts, with the exception of the seven awards issued under the protested solicitation.).

We agree with Pioneer that the Court should lift the preliminary injunction. This case is moot, as a matter of controlling precedent of the Court of Appeals for the Federal Circuit. Furthermore, for the reasons stated in our motion to amend the Court's March 29, 2017 temporary restraining order and our motion to vacate the preliminary injunction, an injunction on either the 2016 awards or the existing contracts is contrary to law. First, because the agency has agreed to voluntarily stay performance on the 2016 awards until the completion of corrective action, no party can establish irreparable harm. Second, for the reasons stated in our above-identified motions, the Court's injunction on existing contracts is far outside the scope of the Court's jurisdiction and, therefore, contrary to law.

II. Defendant's Reply To Continental's Response To Defendant's Motion To Dismiss

On May 31, 2017, Continental filed a response to our motion to dismiss. In its response, Continental contends that its protest is not moot because this Court stated at the hearing on May 22, 2017 that the protest will not be moot until ED's corrective action has been concluded. Continental Res. at 5.[1] Continental also misreads well-established precedent, including the Federal Circuit's decision in *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 940 (Fed. Cir. 2007). In that case, the Court held that a case becomes moot when, "during the course of litigation, it develops that the relief sought has been granted *or that the questions originally in controversy between the parties are no longer at issue.*" *Chapman Law Firm*, 490 F.3d at 940 (emphasis added).

Here, the "questions originally in controversy between the parties are no longer at issue." Indeed, Continental's complaint, as well as Pioneer's complaint challenged the non-responsibility determinations that they received during the initial procurement process. Cont. Compl. ¶¶ 68-106; Pioneer Compl. ¶¶ 80-122. Those non-responsibility determinations are no longer "in controversy" due to ED's corrective action. Continental and Pioneer now have the opportunity to submit revised proposals, and ED will reevaluate their proposals in accordance with the terms of the amended solicitation. Because Continental and Pioneer will be permitted to reenter the competition as if their proposals had never been rejected, they have obtained all of the lawful relief that they sought in their complaints. *See* Cont. Compl. at Prayer for Relief; Pioneer Compl. at Prayer for Relief. As Continental's own response brief makes clear, the facts of *GTA*

---

[1] On May 2, 2017, the Court indicated at the preliminary injunction hearing that, once ED issued notice of its corrective action plan, without objection from the parties, these cases would be moot. Transcript May 2, 2017, at 17-18. By notice filed May 19, 2017 and amended on May 25, 2017, ED filed notice of its plan for corrective action. No party has contested the corrective action plan.

4

*Containers, Inc. v. United States*, 103 Fed. Cl. 194 (2012), are so different from the facts presented here so as to render that case inapposite; here no awardee is performing part of the award in question. *See* Cont. Res. at 6. Continental makes no attempt to explain how *GTA Containers* does not undermine its position. Therefore, *Chapman* is controlling and dictates that the protests are moot and should be dismissed.

As we demonstrated in our motion to dismiss, this Court is "required to assume that the Government would carry out the corrective action in good faith." *Chapman Law Firm*, 490 F.3d at 940 (citing *T & M Distribs., Inc. v. United States*, 185 F.3d 1279, 1285 (Fed. Cir. 1999)). Continental fails to cite any authority holding that *completion* of corrective action is a necessary predicate for mootness. That is because there is none. Moreover, Continental ignores the Federal Circuit's unambiguous jurisprudence that "there was nothing interlocutory, uncertain, or tentative" about an agency's decision to take corrective action, and that the decision to take corrective action itself was sufficiently final to allow a party to protest the corrective action, at the possible risk of waiver under *Blue & Gold* for failure to do so. *Systems Application & Technologies, Inc. v. United States (SA-Tech)*, 691 F.3d 1374, 1384-85 (Fed. Cir. 2012) (citing *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313 (Fed. Cir. 2007)). Indeed, the Federal Circuit scolded the Government for taking the position that the corrective action decision was unripe for judicial review even though the decision to take corrective action was sufficient to moot the bid protest. *Id*. at 1384. As a matter of settled law, Education's decision to take corrective action here rendered Continental's protest moot. This Court should dismiss these actions immediately.

Continental argues that, because it speculates that the Court may in the future be able to fashion "some form of meaningful relief," its case is not moot. Cont. Res. at 5 (citing *Church of

*Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).  Continental premises its argument on a hypothetical event in the future that may or may not occur.  Continental's imagined future cause of action against the Government is insufficient upon which to base this Court's continued jurisdiction.  The Federal Circuit, in *SA-Tech*, held that "[a] claim is not ripe for judicial review when it is contingent upon future events that may or may not occur." *Id.*, 692 F.3d at 1383 (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).  The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).   Here, because the claims set forth in Continental's and Pioneer's complaints are no longer live controversies, their cases are moot and their complaints should be dismissed.

   III. Response To Continental's Request For A Continued Preliminary Injunction

Continental requests that the Court continue the preliminary injunction on both the 2016 contracts, as well as any other existing contract that performs debt collection services for ED.  With respect to existing contracts, Continental requests that "the Court preserve the status quo by enjoining ED from diluting the scope of the contracts subject to this protest by transferring work to be performed under those to other contracting vehicles during the pendency of ED's corrective action . . . ." Cont. Res. at 6-9.  Contrary to Continental's assertion, as we explained in our motion to amend the temporary restraining order and motion to vacate the preliminary injunction, the "*status quo*" prior to the filing of Continental's complaint was that ED routinely assigned new loan accounts to preexisting, uncontested contracts.  Count VII of Continental's complaint sought to disrupt the *status quo* and unlawfully interfere with the performance of existing contracts.  The Court's temporary restraining order and subsequent preliminary

injunctions on existing contracts have seriously disrupted and materially altered the *status quo* of ED's student loan collection program.

Continental's complaint does not seek a preliminary injunction on existing contracts other than in Count VII of its complaint. Count VII of Continental's complaint asserted that, by assigning loan accounts to other contracts, ED was somehow "diverting" or "diluting" business away from Continental's incumbent contract.[2] The Court dismissed Count VII by order dated May 2, 2017. Indeed, because Count VII has been dismissed, Continental cannot demonstrate any likelihood of succeeding on the merits of this claim. *See U.S. Assoc. of Imps. of Textiles & Apparel v. United States*, 413 F.3d 1344 (Fed. Cir. 2005) ("[t]he question of jurisdiction closely affects the [plaintiff's] likelihood of success on its motion for a preliminary injunction."). Thus, Continental's "dilution" argument, having been dismissed on May 2, 2017, cannot be the basis of a continued injunction. The United States Supreme Court, in *Munaf v. Geren*, 553 U.S. 674 (2008), held that a district court improperly issued an injunction when, in that case, petitioners' request for habeas relief should have been promptly dismissed. *Id*. at 691. Thus, as we explained in our motion to vacate the preliminary injunction, there is no claim upon which to base a continued preliminary injunction on existing contracts, and Continental's request should be denied.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the plaintiffs' complaints, and deny Continental's request for a continued injunction as moot.

---

[2] Continental failed to explain to the Court that, as of April 21, 2017, Continental's incumbent contract is in the in-repayment stage and can no longer receive new accounts.

7

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Lauren S. Moore

| | |
|---|---|
| OF COUNSEL: | LAUREN S. MOORE<br>Trial Attorney<br>Commercial Litigation Branch |
| JOSE OTERO<br>SARA FALK<br>General Attorneys<br>Office of the General Counsel<br>U.S. Department of Education | Civil Division<br>Attn: Classification Unit, 8th Floor<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 616-0333<br>Facsimile: (202) 514-8640<br>E-mail: lauren.moore@usdoj.gov |
| | Attorneys for Defendant |

June 2, 2017