**UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC. and PIONEER CREDIT RECOVERY, INC. ) ) ) Plaintiffs, ) ) v. ) ) THE UNITED STATES, ) ) Defendant, ) ) and ) ) CBE GROUP, INC.; FINANCIAL MANAGEMENT SYSTEMS, INC.; GC SERVICES LIMITED PARTNERSHIP; PREMIERE CREDIT OF NORTH AMERICA, LLC; VALUE RECOVERY HOLDINGS, LLC; and WINDHAM PROFESSIONALS, INC. ) ) Defendant-Intervenors. ) | Case No: 17-449C No. 17-499C Chief Judge Braden |

**EXPEDITED MOTION OF F.H. CANN & ASSOCIATES, INC., IMMEDIATE CREDIT RECOVERY, INC., CREDIT ADJUSTMENTS, INC., AND PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC. FOR RULING ON MOTION TO INTERVENE**

Pursuant to Rules of the U.S. Court of Federal Claims ("RCFC") 7(b)(1) and Appendix C, No. V.9, F.H. Cann & Associates, Inc. ("FHC"), Immediate Credit Recovery, Inc. ("ICR"), Credit Adjustments, Inc. ("CAI"), and Professional Bureau of Collections of Maryland, Inc. ("PBCM") (collectively "SB Intervenor-Applicants") by their undersigned counsel, respectfully submit this Expedited Motion for a Ruling on their Motion to Intervene.

1

The SB Intervenor-Applicants originally filed their Motion to Intervene on April 21, 2017, forty-five (45) days ago. *See* ECF No. 69. Since that time, the Court has extended a Temporary Restraining Order ("TRO") and a subsequent Preliminary Injunction ("PI") on *seven* occasions, such that the SB Intervenor-Applicants have now been unable to receive assignments of student loan accounts, either those entering or re-entering default, since March 29, 2017, for seventy (70) days. *See* ECF Nos. 9, 56, 67, 73, 87, 123/131, 132, and 143. Because the Department of Education's ("ED") policy is to transfer accounts to small business Private Collection Agencies ("PCA") first and then transfer any leftover accounts to unrestricted PCAs second (*see* ECF No. 34-1, at 3-4), and because the eleven small business PCAs which received contracts in 2014 are capable of servicing *at least* 140,000 new accounts per month (*see* ECF No. 74, at 3), the four SB Intervenor-Applicants have suffered the loss of tens of thousands of new account transfers as a result of the extended TRO and PI. *See* ECF No. 85-2, at 4 (approximately 91,000 accounts not transferred in in April, 2017); ECF No. 126-3, at 3 (approximately 143,000 accounts not transferred in May, 2017).

Moreover, the Court has indicated that its ban on account transfers, which has been interpreted to apply to the SB Intervenor-Applicants, will "remain in place to preserve the *status quo* until the viability of the debt collection contracts at issue is resolved."[1] ECF No. 143, at 2. This will prolong the unwarranted decimation of the SB Intervenor-Applicants' business from ED for months or even longer, depending on how long the United States' proposed corrective action takes to implement and complete (*see* ECF No. 122) and the breadth of the phrase "viability of the debt collection contracts at issue." Additional protests of that corrective action

---

[1] As the SB Intervenor-Applicants have demonstrated, the Court's TRO and PI **do not** "preserve the *status quo ante*" but rather have completely upended it, unnecessarily interfering with lawfully awarded and unprotested debt collection contracts held by eleven small businesses. *See* ECF No. 121, at 1-5.

could further delay SB Intervenor-Applicants' lawful receipt of new business; their contracts with ED may well become a nullity by virtue of the continuation of the TRO and PI language prohibiting account transfer.

The SB Intervenor-Applicants have suffered not only tremendous financial hardship as a result of these proceedings, but have been prejudiced by their inability to participate and defend their contractual rights. This Court has extended its TRO and PI with no indication that it has taken any of the SB Intervenor-Applicants' filings into account, as it has again and again delayed making a decision on their Motion to Intervene. This is despite the fact that the Court must construe RCFC 24 in favor of intervention (*see Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)), which it has done (and done *expeditiously*) for every other intervenor except the small business PCAs seeking to enter this case.[2]  Here are the rulings this Court has made on intervention to date in this case:

| Party | Date Motion to Intervene Filed | Date Motion to Intervene Granted | Elapsed Time |
|---|---|---|---|
| The CBE Group, Inc. | 3/29/2017 | 3/30/2017 | 1 Day |
| Premiere Credit of North America, LLC | 3/30/2017 | 3/30/2017 | <1 Day |
| GC Services Limited Partnership | 3/30/2017 | 3/30/2017 | <1 Day |
| Financial Management Systems, Inc. | 3/31/2017 | 4/3/2017 | 3 Days |
| Value Recovery Holdings, LLC | 4/1/2017 | 4/3/2017 | 2 Days |
| Windham Professionals, Inc. | 4/7/2017 | 4/10/2017 | 3 Days |
| **SB Intervenor-Applicants** | **4/21/2017** | **N/A** | **>45 Days** |
| National Recoveries, Inc. | 4/26/2017 | N/A | >40 Days |
| Collection Technology, Inc. | 4/27/2017 | 5/1/2017 | 4 Days |
| Progressive Financial Services, Inc. | 4/28/2017 | 5/1/2017 | 3 Days |
| Alltran Education, Inc. | 5/12/2017 | 5/18/2017 | 6 Days |

*See* Civil Docket for Case No. 1:17-cv-00449-SGB.[3]  Even though parties generally have fourteen (14) days to object to a written motion (RCFC 7.2(a)(1)), the Court did not schedule any

---

[2] This includes National Recoveries, Inc., another small PCA which has to date unsuccessfully sought intervention.
[3] National Recoveries, Inc. filed its initial Motion to Intervene on April 26, 2017, and most recently a Second Amended Motion to Intervene on May 31, 2017, which the Court Docket indicates requires response by June 19, 2017.  *See* ECF No. 142.

briefing on the SB Intervenor-Applicants' Motion to Intervene until twelve (12) days after its filing (May 3, 2017, *see* ECF No. 90), and then amended the briefing schedule on May 10, 2017, ordering that objections to the Motion be filed by May 15, 2017.  *See* ECF No. 105.  SB Intervenor-Applicants timely submitted their reply to two Plaintiffs' objections to the Motion to Intervene on May 18, 2017.  *See* ECF No. 121.  The Court has made no ruling in the seventeen (17) days since.  All the while, there have been numerous filings and extensions of the TRO and PI to which the SB Intervenor-Applicants have been unable to adequately respond as non-parties in this matter.

"The court's practice is to *expedite protest cases to the extent practicable*…" and the Court's rules, including RCFC 24 on Intervention as of Right, are to be construed and administered to ensure the speedy and just determination of every action and proceeding.  RCFC Appx. C, No. V.9 (emphasis added); RCFC 1.  The SB Intervenor-Applicants respectfully request that this Court GRANT their expedited motion for a ruling on their Motion to Intervene (ECF No. 69), and issue a ruling on their Motion to Intervene as soon as possible and no later than Friday, June 9, 2017, so that it may begin considering the other filings SB Intervenor-Applicants have submitted regarding the preliminary injunction.

Respectfully Submitted,

Dated: June 7, 2017

Rebecca R. Pearson
Christopher G. Griesedieck
VENABLE LLP
600 Massachusetts Ave. NW
Washington, DC 20001
Telephone No. (202) 344-8183
Protected Fax No. (202) 344-8343
RPearson@Venable.com

Counsel for F.H. Cann & Associates, Inc., Immediate Credit Recovery, Inc., Credit Adjustments, Inc., and Professional Bureau of Collections of Maryland, Inc.