# In the United States Court of Federal Claims

Nos. 17-449, 17-499
Filed: June 14, 2017

```
*************************************
                                    *
CONTINENTAL SERVICE  GROUP,         *
INC., and PIONEER CREDIT            *
RECOVERY, INC.,                     *
                                    *
        Plaintiffs,                 *
                                    *
and                                 *
                                    *
COLLECTION TECHNOLOGY, INC.,        *
ALLTRAN EDUCATION, INC., and        *
PROGRESSIVE FINANCIAL SERVICES,     *
INC.,                               *
                                    *
        Intervenor-Plaintiffs,      *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
        Defendant,                  *
                                    *
and                                 *
                                    *
CBE GROUP, INC., PREMIERE           *
CREDIT OF NORTH AMERICA, LLC,       *
GC SERVICES LIMITED PARTNERSHIP,    *
FINANCIAL MANAGEMENT SYSTEMS,       *
INC., VALUE RECOVERY HOLDINGS,      *
LLC, and WINDHAM PROFESSIONALS,     *
INC.,                               *
                                    *
        Intervenor-Defendants.      *
                                    *
*************************************
```

Mootness;
Rule of the United States Court of Federal
        Claims ("RCFC") 12(b)(1) (Lack of Subject
        Matter Jurisdiction); RCFC 41(a)(2)(A)(ii)
        (Voluntary Dismissal By The Plaintiff).

**Todd J. Canni**, Pillsbury Winthrop Shaw Pittman, LLP, Los Angeles, California, Counsel for Plaintiff Continental Services Group, Inc.

**Jonathan D. Shaffer**, Smith Pachter McWhorter PLC, Tysons Corner, Virginia, Counsel for Plaintiff Pioneer Credit Recovery, Inc.

**Lauren S. Moore**, United States Department of Justice, Washington, D.C., Counsel for the Government.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## I.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

On December 11, 2015, the ED issued Solicitation No. ED-FSA-16-R-0009 (the "Solicitation"). 4/10/17 Pioneer Compl. at ¶ 29. On December 9, 2016, after evaluating forty-eight proposals, the ED awarded contracts to: (1) Financial Management Service Investment Corp.; (2) GC Services Limited Partnership; (3) Premiere Credit of North America, LLC; (4) The CBE Group; (5) Transworld Systems, Inc.; (6) Value Recovery Holding, LLC; and (7) Windham Professionals, Inc. (collectively "the current awardees"). 4/10/17 Pioneer Compl. at ¶ 67.

Between December 19, 2016 and January 9, 2017, the GAO received twenty-four bid protests challenging the ED's award. *See Gen. Revenue Corp.*, B-414220.2 at *1. On March 27, 2017, the GAO issued a decision sustaining seventeen of the bid protests, because the ED's evaluation of bids, under the "past performance" and "management approach" factors, was unreasonable. *See id*. at *10–*28. In addition, the March 27, 2017 GAO decision recommended that

> the [ED] conduct and adequately document a new evaluation of proposals under
> the management approach and past performance factors including, as appropriate,
> amending the solicitation to reasonably reflect the agency's needs, conducting
> discussions, and receiving revised proposals. After conducting its new evaluation,
> the agency should prepare and adequately document a new source selection
> decision. In the event that any of the current awardees are not evaluated as having

---

[1] The facts discussed herein were derived from: the Government Accountability Office's ("GAO") March 27, 2017 Decision in *Gen. Revenue Corp.*, B-414220.2, Mar. 27, 2017, 2017 WL 1316186; Continental Service Group Inc.'s ("Continental") March 28, 2017 Complaint ("3/28/17 Continental Compl."); the March 28, 2017 Declaration of J. Christopher Lang, Continental's Vice President of Contract Administration ("3/28/17 Lang Decl."); the April 4, 2017 Declaration of Patty Queen-Harper, Contracting Officer for the United States Department of Education ("ED") ("4/4/17 Queen-Harper Decl."); Pioneer Credit Recovery, Inc.'s ("Pioneer") April 10, 2017 Complaint ("4/10/17 Pioneer Compl."); evidence adduced at an oral argument held on May 2, 2017 ("5/2/17 TR at 1–160"); and the Government's May 19, 2017 Notice Of Corrective Action ("5/19/17 Gov't Notice). *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (holding that the court can look beyond the face of the pleadings in order to find predicate jurisdictional facts when deciding a motion to dismiss for lack of subject matter jurisdiction).

a proposal among the most advantageous to the government, the agency should terminate any such awards for the government's convenience.

*Id*. at * 30.

On March 28, 2017, Continental filed a Complaint in the United States Court of Federal Claims, alleging that the ED's determination that Continental was not responsible, based on inconsistencies in its proposed small business subcontracting plan, violated the Solicitation and Federal Acquisition Regulations ("FAR"), because:

- the ED did not negotiate with Continental after it identified potential inconsistencies in Continental's proposed subcontracting plan;

- the ED did not consider Continental's past compliance with subcontracting requirements;

- the ED provided misleading instructions to Continental about the requirements of the subcontracting plan;

- the ED treated offerors disparately by allowing some, but not all, to submit revised subcontracting plans; and

- the ED applied inconsistent standards when evaluating the offerors' subcontracting plans.

3/28/17 Continental Compl. at ¶¶ 68–104.

Continental's March 28, 2017 Complaint requested that the court:

- declare that the ED violated the Solicitation and applicable FAR provisions;;

- enjoin the ED from placing more than 37% of monthly accounts with small businesses that provide the ED with student debt collection services under Solicitation No. ED-FSA-13-R-0006;

- direct the ED to award Continental a contract under the Solicitation; and

- afford Continental any additional relief that the court deems proper.

3/28/17 Continental Compl. at ¶¶ 107–14, Prayer For Relief 1–5.

On April 10, 2017, Pioneer also filed a Complaint in the United States Court of Federal Claims, alleging that the ED's determination that Pioneer was not responsible due to inconsistencies in its small business subcontracting plan was contrary to law, arbitrary and capricious, and irrational, because:

- the ED did not negotiate with Pioneer after it identified potential inconsistencies in Pioneer's proposed subcontracting plan;

- the ED provided misleading instructions, or, alternatively, the Solicitation contained a latent ambiguity, about the requirements of the subcontracting plan;

- the ED evaluated the offerors' subcontracting plans under disparate standards; and

- the ED treated the subcontracting plan as a dispositive factor in its responsibility determination.

4/10/17 Pioneer Compl. at ¶¶ 80–130.

Pioneer's April 10, 2017 Complaint requested that the court:

- declare that the ED violated the Solicitation and applicable FAR provisions;

- direct the ED to award Pioneer a contract under the Solicitation;

- direct the ED to conduct negotiations with Pioneer, allow Pioneer to submit revisions to its subcontracting plan based on those negotiations and re-evaluate Pioneer's bid;

- "continu[e] jurisdiction over this case to ensure compliance with the [c]ourt's mandate;"

- award Plaintiff's costs, including reasonable attorney fees; and

- award any other relief the court deems appropriate.

4/10/17 Pioneer Compl. at Prayer For Relief 1–6.

On March 29, 2017, the court issued a Temporary Restraining Order ("TRO"), determining that the four-factor test provided by the United States Court of Appeals for the Federal Circuit in *U.S. Ass'n of Importers of Textiles & Apparel* v. *United States,* 413 F.3d 1344, 1347-48 (Fed. Cir. 2005), weighed in favor of granting Continental injunctive relief because: " Continental would be immediately and irreparably injured, if [the] ED moved forward with performance on the contract[s] at issue in this case;" "the public interest is served by open and fair competition in public procurement and preserving the integrity of the competitive process;" and "the balance of hardships weighs in favor of Continental[, since] . . . any harm to the Government caused by delay in performance is generally less significant than the harm caused to the bid protestor."  ECF No. 9 at 2–3 (citing *FMC Corp.* v. *United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) ("No one factor, taken individually, is necessarily dispositive . . . .  [T]he weakness of the showing regarding one factor may be overborne by the strength of others.")).  The March 29, 2017 TRO enjoined the ED from:

(1)     authorizing the purported awardees to perform on the contract award under Solicitation No. ED-FSA-16-R-0009 for a period of fourteen days, *i.e.* until April 12, 2017; and

(2)    transferring work to be performed under the contract at issue in this case to
other contracting vehicles to circumvent or moot this bid protest for a period
of fourteen days, *i.e.* until April 12, 2017.[2]

ECF No. 9 at 3.

On May 2, 2017, the court convened a Preliminary Injunction Hearing.  On the same day,
the court issued a Preliminary Injunction enjoining the ED, until May 22, 2017, from:

(1)    authorizing the purported awardees to perform on the contract awards under
Solicitation No. ED-FSA-16-R-0009; and

(2)    transferring work to be performed under the contract at issue in this case to
other contracting vehicles to circumvent or moot this bid protest.[3]

ECF No. 87.

On May 19, 2017, the Government filed a Notice Of Corrective Action advising the court
that, consistent with the GAO's March 27, 2017 decision, the ED plans to allow all offerors to
submit new past performance proposals and management plans, and correct the mistakes identified
by the GAO's March 27, 2017 decision regarding the evaluation of bids under the past performance
and management approach factors.  5/19/17 Gov't Notice at 7–8.  The ED also will allow all of
the offerors' to correct inconsistencies in their small business subcontracting plans and re-submit
those plans.  5/19/17 Gov't Notice at 8–9.  After conducting the reevaluation, the ED intends to
issue a new source selection decision.  5/19/17 Gov't Notice at 9.  If "the current awardees are not
evaluated as having a proposal among the most advantageous to the Government, the ED will
terminate those awards for the convenience of the Government."  5/19/17 Gov't Notice at 9.

The May 19, 2017 Notice also advised the court that the ED would implement its corrective
action plan according to the following schedule:

May 26, 2017    Solicitation amendment and request for revised proposals
issued[.]

June 16, 2017    Due date for the submission of revised proposals[.]

---

[2] On April 10, 2017, the court extended the March 29, 2017 TRO for fourteen days, *i.e.*,
until April 24, 2017.  ECF No. 56.  On April 24, 2017, the court extended the TRO for another
fourteen-day period, *i.e.*, until May 8, 2017.  ECF No. 73.

[3] On May 22, 2017, the court extended the Preliminary Injunction until June 1, 2017.  ECF
No. 132.  On May 31, 2017 the court extended the Preliminary Injunction until "the viability of
the debt collection contracts at issue is resolved."  ECF No. 143 at 2.

| June 19, 2017 to August 24, 2017 | Evaluation of past performance and management approach; selection of most advantageous proposals, responsibility determinations and other pre-award activities[.] |
| --- | --- |
| August 25, 2017 | Notice of awards and notices of termination issued[.] |

5/19/17 Gov't Notice at 9.

On May 23, 2017, the Government filed a Motion To Dismiss ("5/23/17 Gov't Mot."), pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1), arguing that all of the claims in Continental's March 28, 2017 Complaint and Pioneer's April 10, 2017 Complaint are moot in light of the ED's decision to take corrective action.  ECF No. 133, 5/23/17 Gov't Mot. at 1–2.

On May 25, 2017, the Government filed an Amendment To Defendant's Notice Of Corrective Action ("5/25/17 Gov't Notice") stating that, in addition to allowing the offerors to submit revised small business subcontracting plans, the ED would allow offerors to submit revised small business participation plans.  ECF No 135, 5/25/17 Gov't Notice at 2.

On May 30, 2017, Pioneer filed a Response to the Government's May 23, 2017 Motion To Dismiss ("5/30/17 Pioneer Resp.").  ECF No. 139.  On May 31, 2017, Continental also filed a Response ("5/31/2017 Continental Resp.").  ECF No. 141.  On June 2, 2017, the Government filed a Reply ("6/2/17 Gov't Reply").  ECF No. 145.

## II.    DISCUSSION.

### A.    Standard Of Review For Motion To Dismiss For Lack Of Subject Matter Jurisdiction, Pursuant To RCFC 12 (b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [RCFC] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999).  When considering whether to dismiss an action for lack of subject matter jurisdiction, the court accepts as true all undisputed facts asserted in the plaintiff's complaint and draws all reasonable inferences in favor of the plaintiff. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  When the motion to dismiss challenges the factual basis for the court's jurisdiction, however, the court may look beyond the face of the pleading to establish the predicate jurisdictional facts. *See Cedars-Sinai Med. Ctr.*, 11 F.3d at 1584 ("In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony.").  The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

**B.     The Government's May 23, 2017 Motion To Dismiss For Lack Of Subject Matter Jurisdiction, Pursuant To RCFC 12(b)(1).**

**1.     The Government's Argument.**

The Government argues that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." 5/23/17 Gov't Mot. at 4 (quoting *Cnty of L.A. v. Davis*, 440 U.S. 625, 631 (1979)). In addition, "jurisdiction, properly acquired, may abate if the case become moot because . . . interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." 5/23/17 Gov't Mot. at 4–5 (quoting *Davis*, 440 U.S. at 631). In this case, Continental's March 28, 2017 Complaint and Pioneer's April 10, 2017 Complaint challenge the ED's determination that Continental and Pioneer were not responsible, based on inconsistencies in their small business subcontracting plans. But, those claims are moot, because the ED's corrective action plan will allow Continental and Pioneer to compete for a debt-collection contract under Solicitation No. ED-FSA-16-R-0009, as if the ED never determined that they were not responsible. 5/23/17 Gov't Mot. at 3, 5.

The Government also argues that the ED does not need to complete the corrective action for the claims alleged in the March 28, 2017 Complaint and April 10, 2017 Complaint to become moot; instead, the ED's decision to take corrective action is sufficient to render the case moot. 5/23/17 Gov't Mot. at 5–6 (citing *Guardian Moving and Storage, Inc. v. United States*, 657 F. Appx. 1018, 1025 (Fed. Cir. Aug. 22, 2016)). Moreover, the court may not retain jurisdiction over the moot claims to supervise the ED's corrective action, because the court is "required to assume that the Government [will] carry out the corrective action in good faith." 5/23/17 Gov't Mot. at 6 (quoting *Chapman Law Firm Co. v. Greenleaf Cost. Co.*, 490 F.3d 934 (Fed. Cir. 2007)).

**2.     Continental Service Group, Inc.'s Response.**

Continental responds that "a case is not moot as long as the plaintiff's relief is outstanding." 5/31/17 Continental Resp. at 5. The March 28, 2017 Complaint requested that the court enjoin the ED from "diluting the contracts under protest by transferring work destined for those contract to other contracting vehicles during the pendency of [the] ED's corrective action." 5/31/17 Continental Resp. at 1. If the court dismisses the March 28, 2017 Complaint, the May 31, 2017 Preliminary Injunction will be lifted and the ED will be able to divert work to other contracting vehicles. Therefore, Continental's request for injunctive relief, pending completion of the corrective action, remains outstanding. 5/31/17 Continental Resp. at 6.

**3.     Pioneer Credit Recovery, Inc.'s Response.**

Pioneer's view is that the claims alleged in the April 10, 2017 Complaint are not moot, because the ED's corrective action does not: (1) grant all the relief requested by Pioneer, or (2) eradicate the consequences of the initial non-responsibility determination. 5/30/17 Pioneer Resp. at 7. Specifically, the April 10, 2017 Complaint requested that the court stay performance on the seven contract awards made under the ED's first evaluation. 5/30/17 Pioneer Resp. at 7. Therefore, "[t]he Pioneer action is not moot unless [the] ED agrees to stay the seven protested awards pending completion of corrective action[.]" 5/30/17 Pioneer Resp. at 2.

In addition, the Government mischaracterizes *Guardian Moving*, because, in that case, the United States Court of Appeals for the Federal Circuit did not consider whether an agency's decision to implement corrective action was sufficient to render a bid protest moot, since the trial court dismissed the bid protest *after* corrective action was complete.  5/30/17 Pioneer Resp. at 9. Therefore, the Government's argument that *Guardian Moving* stands for the proposition that an agency's decision to take corrective action is sufficient to render a bid protest moot is not correct. 5/30/17 Pioneer Resp. at 9.

### 4.    The Government's Reply.

The Government replies that a case becomes moot when, "during the course of litigation, it develops that the relief sought has been granted *or that the questions originally in controversy between the parties are no longer at issue*."  6/2/17 Gov't Reply at 4 (emphasis in the original) (quoting *Chapman Law Firm*, 490 F.3d at 939).  Continental's March 28, 2017 Complaint and Pioneer's April 10, 2017 Complaint "challenged the non-responsibility determinations that they received during the initial procurement process."  6/2/17 Gov't Reply at 4.  But, those non-responsibility determinations are no longer in controversy, because, under the ED's proposed corrective action, Continental and Pioneer will be entitled to submit new proposals and have those proposals evaluated.  6/2/17 Gov't Reply at 4.

In addition, completion of corrective action is not "a necessary predicate for mootness." 6/2/17 Gov't Reply at 5.  In fact, the United States Court of Appeals for the Federal Circuit has observed that "there [is] nothing interlocutory, uncertain, or tentative" about an agency's decision to take corrective action since it is sufficiently final to allow an unsatisfied contractor to protest that action.  6/2/17 Gov't Reply at 5 (quoting *System App. & Techs., Inc. v. United States*, 691 F.3d 1374, 1384–85 (Fed. Cir. 2012).  Continental and Pioneer fail to provide any precedential authority to the contrary.  6/2/17 Gov't Reply at 5.

To the extent that Continental argues that the ED might diminish the amount of work available under the disputed contracts, that issue is not ripe for judicial review.  6/2/17 Gov't Reply at 6.  As such, "Continental's imagined future cause of action against the Government is insufficient upon which to base this [c]ourt's continued jurisdiction."  6/2/17 Gov't Reply at 6.

Regarding Pioneer's argument that the claims alleged in the April 10, 2017 Complaint are not moot, "unless [the] ED agrees to stay the seven protested awards," the Government points out that, "[the] ED has already stated that it intends to voluntarily stay performance on the seven contracts awarded under the subject solicitation pending the conclusion of the corrective action." 6/2/17 Gov't Reply at 2.

### 5.    The Court's Resolution.

"A case is moot when the issues presented "are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  Generally, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case."  *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953).  The United States Supreme Court, however, has held that a case may become moot due to voluntary cessation of the challenged conduct when: "(1) it can be said with assurance that 'there is no reasonable

expectation . . .' that the alleged violation will recur[;] and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631 (internal citations omitted).

The Government, however, urges the court to apply a different standard to determine whether Continental and Pioneer's cases are moot citing *Chapman Law Firm*, where the United States Court of Appeals for the Federal Circuit held that a case is moot if, "the relief sought has been granted *or* [] *the questions originally in controversy between the parties are no longer at issue.*" 6/2/17 Gov't Reply at 4 (emphasis in the original) (quoting *Chapman Law Firm*, 490 F.3d at 939). But, in *Chapman Law Firm*, our appeals court also noted that "the [United States] Supreme Court has recognized an exception to this rule when the defendant voluntarily ceases the challenged practice." *Chapman Law Firm*, 490 F.3d at 939. In such cases, mootness is determined according to the test in *Davis*. *Id*. (citing *Davis*, 440 U.S. at 631).

The March 28, 2017 Complaint and April 10, 2017 Complaint challenge the ED's determination that the proposals of the respective plaintiffs were not "responsible" due to inconsistencies in their small business subcontracting plans. 3/28/17 Continental Compl. at ¶¶ 68–104; 4/10/17 Pioneer Compl. at ¶¶ 80–130. Under the ED's corrective action, Continental and Pioneer will have an opportunity to correct inconsistencies in their subcontracting plans and submit new proposals for evaluation. 5/19/17 Gov't Notice at 8–9. Because the court must "assume that the Government [will] carry out the corrective action in good faith," *see Chapman Law Firm*, 490 F.3d at 941, there is no reasonable expectation that the ED will repeat the same errors in evaluating Continental and Pioneer's revised proposals. Therefore, the first element of the *Davis* test is satisfied.

The Government's May 19, 2017 Notice Of Corrective Action, however, did not "completely and irrevocably eradicate[] the effects of the [] violation[s]" alleged in the March 28, 2017 Complaint. *See Davis*, 440 U.S. at 631. At present, Continental has no contract under which it can receive new debt collection accounts. 5/2/17 TR at 66 (Ms. Moore). Consequently, Continental is not able to compete for new accounts, until the corrective action is complete and the ED awards new contracts under the Solicitation. In the meantime, the ED may assign accounts to other debt collection companies. 3/28/17 Lang Decl. at ¶¶ 6, 10–12. Continental estimates that the transfer of new accounts that Continental otherwise would have received will result in a loss of $7 million in revenue per month. 3/28/17 Lang Decl. at ¶ 26. This economic injury was caused by the ED's determination that Continental was not responsible and the effects thereof will not end until the corrective action is in fact complete. Therefore, the court has determined that the ED's proposed corrective action does not satisfy the second element of the *Davis* test.

Today, Continental's economic injury is continuing and is an appropriate basis for the court to determine that the March 28, 2017 Complaint is not moot. The issue before the court is whether the ED's corrective action "completely *and irrevocably* eradicated the effects of the [relevant] violation." *Davis*, 440 U.S. at 631 (emphasis added). "Irrevocably" means "in a way that cannot be changed," and thus includes consideration of future events. *See* OXFORD ONLINE DICTIONARY, https://en.oxforddictionaries.com/definition/irrevocably, (last visited June 13, 2017). Accordingly, the second element of the *Davis* test, not only allows, but requires the court to consider the possibility of future harms to Continental.

Pioneer appears to be in a different position, because, on April 28, 2017, Pioneer was offered an award term extension task order under a prior contract. *See Coast Professional, Inc. v. United States*, No. 15-2017, ECF No. 232. Nevertheless, the ED's corrective action plan does not moot Pioneer's April 10, 2017 Complaint, because it does not require that the ED stay collection work by the seven awardees of the disputed contracts. 5/30/17 Pioneer Resp. at 7. If the ED assigns debt collection work to the awardees of the disputed contracts, the amount of collection work available to Pioneer will decrease. Accordingly, Pioneer will suffer a loss of work. Therefore, the corrective action plan does not "completely and irrevocably eradicate[] the effects of the [relevant] violation." *Davis*, 440 U.S. at 631.

The Government previously has represented to Pioneer and the court that the ED "will not transfer any accounts under any of [the seven current] contracts, or otherwise authorize, order or accept any work under those seven contracts, pending the resolution of this protest." 3/17 Queen-Harper Decl. at ¶ 6; 5/30/17 Pioneer's Resp. at Ex. 1. But, the May 19, 2017 Notice of Corrective Action and the May 25, 2017 Amendment To Defendant's Notice Of Corrective Action did not mention any stay of collection work by the current awardees. Therefore, the court has determined that the ED's corrective action plan does not moot Pioneer's case. If Pioneer, however, is completely satisfied with the Government's representations, it may voluntarily dismiss the April 10, 2017 Complaint, pursuant to RCFC 41(a)(1)(A)(ii).

## III.   CONCLUSION.

For these reasons, the court denies the Government's May 23, 2017 Motion To Dismiss, pursuant to RCFC 12(b)(1).

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**