# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC., and PIONEER CREDIT RECOVERY, INC., <br><br> Plaintiffs, <br><br> and <br><br> COLLECTION TECHNOLOGY, INC., PERFORMANT RECOVERY, INC., ALLTRAN EDUCATION, INC., and PROGRESSIVE FINANCIAL SERVICES, INC., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CBE GROUP, INC., FINANCIAL MANANGEMENT SYSTEMS, INC., GC SERVICES LIMITED PARTNERSHIP, PREMIERE CREDIT of NORTH AMERICA, LLC, VALUE RECOVERY HOLDINGS, LLC, and WINDHAM PROFESSIONALS, INC., <br><br> Defendant-Intervenors. | Nos. 17-449C; 17-499C; 17-493C; 17-517C<br>17-578C; 17-558C; 17-633C<br>Consolidated<br>Chief Judge Susan G. Braden |

**DEFENDANT'S RESPONSE AND OPPOSITION TO
THE OBJECTION TO DEFENDANT'S NOTICE OF LIMITED
RECALL OF ACCOUNTS AND MOTION FOR EMERGENCY
RELIEF BY PLAINTIFF, PROGRESSIVE FINANCIAL SERVICES, INC.**

Defendant, the United States, respectfully submits this response and opposition to the objection to defendant's notice of limited recall of accounts and motion for emergency relief filed by plaintiff, Progressive Financial Services, Inc. (Progressive).  On September 7, 2017, the United States filed a notice of the determination by the Department of Education (ED), Federal Student Aid (FSA) program that a limited recall of default student loan accounts was necessary to provide immediate relief to student borrowers directly affected by the devastation of Hurricane Harvey.  ECF No. 187.  Progressive filed a response to our notice, requesting that the Court prohibit ED from recalling any accounts to provide relief to student borrowers in designated disaster areas or, in the alternative, direct ED to provide assurances that it will assign these accounts to Progressive upon an award under the solicitation at issue in the consolidated protests.  ECF No. 188.  As a preliminary matter, the Court should deny Progressive's motion because it lacks jurisdiction over Progressive's claim.  Even if the Court were to entertain Progressive's motion, it should deny it because ED's limited recall of these accounts does not violate the terms of the preliminary injunction issued in this case.  Further, the Court lacks authority to grant the alternative relief sought.  Progressive should not be permitted to frustrate the agency's effort to provide relief amidst this natural disaster.

## ARGUMENT

### I. The Court Lacks Jurisdiction To Entertain Progressive's Claim And Request For Emergency Relief

As a preliminary matter, the Court may not act on Progressive's motion until the pending jurisdictional challenge is adjudicated. *See Sys. App. & Tech., Inc. v. United States*, 100 Fed. Cl. 687, 703 (2011). On May 19, 2017, the United States filed a motion to dismiss Progressive's contract administration claims for lack of subject-matter jurisdiction, and the parties have completed briefing on the motion. ECF Nos. 44, 71, 73. The Court has not yet ruled on our jurisdictional challenge. For all the reasons stated in our briefs supporting our motion to dismiss, the Court lacks subject-matter jurisdiction over Progressive's claims. Accordingly, the Court cannot entertain Progressive's motion here.

### II. ED's Limited Recall Of Default Accounts For Those Directly Affected By Hurricane Harvey Is Not A Violation Of The Preliminary Injunction

ED's recall of accounts associated with student borrowers directly affected by Hurricane Harvey does not run afoul of the preliminary injunction issued by the Court on May 22, 2017 and continued indefinitely on May 31, 2017. The preliminary injunction, in part, enjoins ED from "transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest." ECF No. 50. Progressive asserts that this limited recall violates the preliminary injunction because ED will be "transferring" accounts to FSA's Default Resolution Group (DRG), which is managed by Maximus Federal Services, Inc. (MFS), for servicing. Pl.s' Resp. at 2. Although the preliminary injunction uses the word "transferring," it does not prohibit ED from offering student borrowers the relief services at issue through DRG, which is not a private collection agency contractor. ED's recall falls outside the scope of the Court's preliminary injunction

Progressive fails to acknowledge the ongoing role of MFS, the contractor that manages the agency's Debt Management Collection System (DMCS) and DRG, and the fundamental distinction between the loan servicing functions performed by DRG and the debt collection activities conducted by private collection agencies (PCAs) such as the plaintiffs in these consolidated protests, including Progressive.  This limited recall of accounts for the express purpose of providing humanitarian assistance is neither an assignment nor transfer of work to be performed under the debt collection solicitation at issue seeking defaulted loan debt collection services.

First, the in-repayment accounts subject to this recall are already maintained in the DMCS database, which is serviced by MFS.  ED will not need to transfer any accounts to MFS in order for DRG to provide the relief at issue.  It is not, therefore, a violation of the preliminary injunction.

Second, rather than collecting debt from these distressed student borrowers, DRG's aim will be to answer questions, respond to borrower requests, and provide options for *relief* from collection.  DRG will be offering the student borrowers at issue a pathway to avoid the consequences of nonpayment (*e.g.* wage and tax return garnishment, fees, and penalties) as they pull back together the pieces of their lives.  DRG cannot initiate debt collections on any borrower accounts, which is the purview of the PCA solicitation at issue.

Thus, because the nature of the services provided by DRG to these student borrowers is fundamentally distinct from the nature of the debt collection work to be performed under the solicitation at issue, ED's limited recall of these accounts falls outside the scope  of the preliminary injunction.

**III.     The Court Does Not Have Authority To Grant The Alternative Relief Sought**

Progressive reiterates its belief that, particularly in light of the crisis created by Hurricane Harvey, ED can properly award Progressive a short-term bridge contract.  That is incorrect. The services provided to the affected student borrowers in disaster areas will not be for debt collection, which is the service that Progressive provided under its now-expired contract. Moreover, even if ED were to pursue bridge contracts with the plaintiff-PCAs in these consolidated protests, the time required to complete the process would not afford the agency the opportunity to provide the immediate relief this circumstance requires.  In any event, the Court lacks authority to direct ED to make any award to a particular offeror.  *See, e.g., Innovative Resources v. United States*, 63 Fed. Cl. 287, 290 n.5 (2004); *see also CW Government Travel, Inc. v. United States*, 46 Fed. Cl. 554, 559 (2000) (citing *Parcel 49C Ltd. Partnership v. United States*, 31 F.3d 1147, 1153 (Fed. Cir. 1994); *Scanwell Lab., Inc. v. Shaffer*, 424 F.2d 859, 869 (D.C. Cir. 1970); *CACI, Inc.-Fed. v. United States*, 719 F.2d 1567, 1575 (Fed. Cir. 1983)).

Additionally, the Court should deny Progressive's alternative request that the Court enter an order directing ED to "provide assurances that it will make Progressive whole upon award by returning those accounts to Progressive."  *See* Pl.'s Resp. at 7.  Progressive asserts that the recalled accounts should be retained so that it can profit from those accounts if and when it receives an award following corrective action on the procurement at issue.  Yet, to the extent Progressive seeks to secure or enforce some benefit or legal right for which it alleges that its expired or speculative future contract might provide, its claim would be an administrative contract claim that should be pursued under the Contract Disputes Act (CDA), 41 U.S.C. § 7103, and is not subject to the Court's bid protest jurisdiction.

The CDA applies to "any express or implied contract . . . entered into by an executive agency for . . . the procurement of services . . . ." 41 U.S.C. § 7102(a)(2). ED is an "executive agency" within the meaning of the CDA, *see* 41 U.S.C. § 7101(8); 5 U.S.C. § 101, and ED's contract (both the expired contract and any potential future contract under the solicitation at issue) with Progressive would be for the provision of debt collection services. Thus, Progressive's claim that, by recalling accounts, ED deprived it of some economic benefit to which it was entitled by operation of its alleged contract(s) is subject to the CDA claims process.

Exhaustion of the CDA administrative claims process is a jurisdictional prerequisite to seeking relief in this Court. *See* 41 U.S.C. § 7103(a); *see also Kellogg Brown & Root Servs., Inc. v. United States*, 117 Fed. Cl. 764, 770 (2014) ("[T]he CDA, which mandates that '[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision,' 41 U.S.C. § 7103(a)(1), must be followed to ripen the matter for court review."); *TigerSwan, Inc. v. United States*, 110 Fed. Cl. 336, 348 (Fed. Cl. 2013) (holding that the contractor's complaints with the agency's termination decision is subject to the CDA, not the Court's bid-protest jurisdiction); *Advanced Materials, Inc. v. United States*, 46 Fed. Cl. 697, 701 (1999) (jurisdiction lacking over a breach of contract action not presented to the contracting officer pursuant to the CDA); *Cincinnati Elecs. Corp. v. United States*, 32 Fed. Cl. 496, 505 (1994) (claim for breach of contract damages dismissed for lack of subject-matter jurisdiction where claim was not submitted to contracting officer for final decision). Thus, because Progressive lacks the requisite jurisdictional foothold, the Court lacks authority to enter the equitable relief sought.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny Progressive's motion for emergency relief.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

JOSE OTERO
General Attorney
Office of the General Counsel
U.S. Department of Education

SARA FALK
General Attorney
Office of the General Counsel
U.S. Department of Education

/s/Alexis J. Echols
ALEXIS J. ECHOLS
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0463
Fax: (202) 514-8640
E-mail: alexis.j.echols@usdoj.gov

September 8, 2017

Attorneys for Defendant