# In the United States Court of Federal Claims

Consolidated Case Nos. 17-449, 17-499, 17-493, 17-517, 17-578, 17-558, 17-633
Filed: September 12, 2017

```
*************************************
CONTINENTAL SERVICE              *
GROUP, INC., PIONEER CREDIT      *
RECOVERY, INC., ACCOUNT          *
CONTROL TECHNOLOGY, INC.         *
PROGRESSIVE FINANCIAL            *
SERVICES, INC., VAN RU CREDIT    *
CORPORATION, COLLECTION          *
TECHNOLOGY, INC. ALLTRAN         *
EDUCATION, INC.,                 *
      Plaintiffs,                *
                                 *
and                              *
                                 *
COLLECTION TECHNOLOGY, INC.,     *
PROGRESSIVE FINANCIAL SERVICES,  *
INC., ALLTRAN EDUCATION, INC.,   *
PERFORMANT RECOVERY, INC.,       *
VAN RU CREDIT CORPORATION, and   *
ALLIED INTERSTATE LLC,           *
      Intervenor-Plaintiffs,     *
v.                               *
                                 *
THE UNITED STATES,               *
      Defendant,                 *
                                 *
and                              *
                                 *
CBE GROUP, INC., PREMIERE        *
CREDIT OF NORTH AMERICA, LLC,    *
GC SERVICES LIMITED PARTNERSHIP, *
VALUE RECOVERY HOLDINGS, LLC,    *
WINDHAM PROFESSIONALS, INC.,     *
AUTOMATED COLLECTION             *
SERVICES, INC., FMS INVESTMENT   *
CORP., TEXAS GUARANTEED          *
STUDENT LOAN CORP., ALLTRAN      *
EDUCATION, INC.                  *
      Intervenor-Defendants.     *
                                 *
*************************************
```

**MEMORANDUM OPINION AND ORDER**

On March 27, 2017, the Government Accountability Office ("GAO") partially sustained several protests concerning a multiple-award $2.8 billion student-loan collection contract awarded under Solicitation No. ED-FSA-16-R-0009, because the United States Department of Education (the "ED") "made several prejudicial errors in evaluating proposals." *See Gen. Revenue Corp.*, B-414220, *et al*. (Comp. Gen. Mar. 27, 2017).

Between March 28, 2017 and May 12, 2017, Continental Service Group, Inc. ("ConServe"), Pioneer Credit Recovery, Inc. ("Pioneer"), Account Control Technology, Inc. ("ACT"), Alltran Education, Inc. ("Alltran"), Collection Technology, Inc. ("Collection Tech."), Progressive Financial Services, Inc. ("Progressive"), and Van Ru Credit Corporation ("Van Ru") (collectively "the Plaintiffs") filed the following related bid protests in the United States Court of Federal Claims challenging the ED's decision not to award Plaintiffs contracts for student-debt collection services under Solicitation No. ED-FSA-16-R-0009: *Continental Services v. United States*, No. 17-449, ECF No. 1; *Pioneer Credit Recovery v. United States*, No. 17-499, ECF No. 1; *Account Control Technology v. United States*, No. 17-493, ECF No. 1; *Alltran Education v. United States*, No. 17-517, ECF No. 1; *Collection Technology, Inc. v. United States*, No. 17-578, ECF No. 1; *Progressive Financial Services, Inc. v. United States*, No. 17-558, ECF No. 1; and *Van Ru Credit Corporation v. United States*, No. 17-633, ECF No. 1.

On March 29, 2017, the court issued a Memorandum Opinion And Temporary Restraining Order ("TRO"), pursuant to Rule of the United States Court of Federal Claims ("RCFC") 65(d), to enjoin the ED from:

(1) authorizing the purported awardees to perform on the contract award under Solicitation No. ED-FSA-16-R-0009 for a period of fourteen days, *i.e.* until April 12, 2017; and
(2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest for a period of fourteen days, *i.e.* until April 12, 2017.

*Continental Services*, No. 17-449, ECF No. 9 at 3. On April 10, 2017, the court extended the March 29, 2017 TRO until April 24, 2017. *Continental Services*, No. 17-449, ECF No. 56 at 2.

On April 18, 2017, the Government filed a Notice Of Recalling Accounts to advise the court that the ED intended to recall certain student-loan collection accounts that were being serviced by thirteen private collection agencies and operating under contracts that would expire on April 22, 2017. ECF No. 65.

On April 19, 2017, the court issued an Order extending the April 10, 2017 TRO until May 22, 2017. ECF No. 67.

On April 21, 2017, CBE Group, Inc. ("CBE") and Premiere Credit of North America, LLC ("Premiere") filed an Emergency Motion For Enforcement of The March 29, 2017 TRO, requesting that the court enjoin the recall announced by the ED's April 18, 2017 Notice.

On April 24, 2017, the court issued an Order modifying the TRO, pursuant to RCFC 65(d), to prohibit the ED from:

(1) authorizing the purported awardees to perform on the contract award under Solicitation No. ED-FSA-16-R-0009 for a period of fourteen days, *i.e.*, until May 8, 2017, except as specifically provided for below;
(2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest for a period of fourteen days, *i.e.*, until May 8, 2017; and
(3) This Order, however, does not prohibit The CBE Group, Inc., Premiere Credit of North America, LLC, and Transworld Systems, Inc. from continuing to service only "in-repayment" accounts, *i.e.*, those accounts where the contractor and borrower have a mutually agreed upon repayment schedule (*see* Task Order No. ED-FSA-09-O-0008 at 48), pursuant to Contract Nos. ED-FSA-17-D-0006, ED-FSA-17-D-0007 and ED-FSA-17-D-0009, awarded on December 9, 2016, for a period of sixty days, and without further consent of the court.

ECF No. 73.

On May 2, 2017, the court issued an Order rescinding the April 24, 2017 modification of the March 29, 2017 TRO and granting a preliminary injunction until May 22, 2017. ECF No. 87. The May 2, 2017 Preliminary Injunction enjoined the ED from:

(1) authorizing the purported awardees to perform on the contract awards under Solicitation No. ED-FSA-16-R-0009; and
(2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest.

ECF No. 87.

On May 19, 2017, the Government filed a Notice Of Corrective Action to advise the court that the ED intended to amend Solicitation No. ED-FSA-16-R-0009. ECF No. 122. On that same day, the Government filed a Motion To Vacate The Preliminary Injunction. ECF No. 126. On May 22, 2017, CBE, Premiere, and GC Services Limited Partnership ("GC") filed Responses to the Government's May 19, 2017 Notice. ECF Nos. 127, 129, 130.

On May 22, 2017, the court issued an Order extending the May 2, 2017 Preliminary Injunction until June 1, 2017. ECF No. 134.

On May 31, 2017, the court issued an Order extending the May 22, 2017 Preliminary Injunction to preserve the *status quo* until the viability of the debt collection contracts at issue is resolved. ECF No. 143.

Between June 9, 2017 and July 21, 2017, the Government, Alltran, and Pioneer filed Notices of Appeal, to seek appellate review of the court's May 31, 2017 Preliminary Injunction. ECF Nos. 154, 165, 178.

On June 9, 2017, ConServe filed a Motion To Stay The Court's May 31, 2017 Injunction Pending Appeal. ECF No. 155. Between June 13, 2017 and June 19, 2017, the Government, Pioneer, and Financial Management Systems, Inc. ("FMS") filed Responses to ConServe's June 9, 2017 Motion. ECF Nos. 157, 162, 163. Between June 26, 2017 and July 7, 2107, ConServe, Alltran, and Pioneer filed Replies to the Reponses to ConServe's June 9, 2017 Motion. ECF Nos. 168, 174, 175.

On July 24, 2017, Alltran filed a Motion To Expedite Ruling On Pending Motion For Stay Pending Appeal. ECF No. 179. On July 28, 2017, ConServe filed a Cross-Motion and Response to Alltran's July 24, 2017 Motion. ECF No. 180.

On August 24, 2017, the Government filed a Notice Of The Status Of Corrective Action to inform the court that the ED's evaluation teams completed their review of the revised proposals and that evaluation reports were being prepared and should be finalized within the next few weeks. ECF 184.

On September 5, 2017, the court issued an Order consolidating this case with *Account Control Technology, Inc. v. United States*, No. 17-493; *Alltran Education, Inc. v. United States*, No. 17-517; *Collection Technology, Inc. v. United States*, No. 17-578; *Progressive Financial Services, Inc. v. United States*, No. 17-558; and *Van Ru Credit Corporation v. United States*, No. 17-633. ECF No. 186.

On September 7, 2017, the Government Filed a Notice Of Limited Recall Of Accounts to inform the court that the ED "determined that a limited recall of [1,000 accounts assigned to six private collection agencies] is urgently needed in order to provide assistance to student borrowers who reside in hurricane disaster relief areas, such as the counties directly affected by Hurricane Harvey." ECF No. 187 at 2. The Government's September 7, 2017 Notice also informed the court that the recall would begin on September 8, 2017. ECF No. 187.

On September 8, 2017, Progressive filed a Motion For Emergency Relief arguing that the ED's proposed recall will violate the May 31, 2017 Preliminary Injunction and that, under these circumstances, the ED should issue a bridge contract to Progressive. ECF No. 188. On that same day, Progressive also filed a Notice to inform the court that counsel for Progressive contacted counsel for the United States Department of Justice and counsel for the ED "[i]n an attempt to resolve the matter without the Court's intervention." ECF No. 189 at 2.

On September 8, 2017, the Government filed a Response to Progressive's September 8, 2017 Motion arguing that: the court did not have jurisdiction to adjudicate Progressive's request for emergency relief; the ED's proposed recall does not violate the May 31, 2012 preliminary injunction; and the court does not have authority to order the ED to issue bridge task orders. ECF No. 190.

As a matter of law, the court has jurisdiction to adjudicate a motion to reconsider, amend, and/or enforce the May 31, 2017 Memorandum Opinion and Preliminary Injunction Order. *Abbott Labs. v. TorPharm, Inc.*, 503 F.3d 1372, 1379 (Fed. Cir. 2007) (holding that courts have "inherent authority to enforce their own injuncions under the well-established principles of equity"). The court does not consider the Government's September 7, 2017 Notice to violate, circumvent, or undermine the May 31, 2017 Preliminary Injunction, but rather as if it were filed under RCFC 62(c) as a motion to modify the May 31, 2017 Preliminary Injunction.

In the court's judgment, compelling public interest considerations attendant to Hurricane Harvey justify the modification requested by the Government.  *U.S. Ass'n of Importers of Textiles & Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1346 (Fed. Cir. 2005) ("Four factors are weighed in considering a motion for a preliminary injunction: (1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties.").  "*No one factor*, taken individually, *is necessarily dispositive* . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of others."  *FMC Corp.* v. *United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).

For these reasons, Progressive's September 8, 2017 Motion For Emergency Relief is denied.  In addition, this Memorandum Opinion and Order should be filed as a supplement to the Government's Appendix in *Continental Service Group, Inc. v. United States*, No. 17-2155 in the United States Court of Appeals for the Federal Circuit.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**
