# In the United States Court of Federal Claims

Consolidated Case Nos. 17-449, 17-499, 17-493, 17-517, 17-578, 17-558, 17-633
Filed: October 31, 2017

```
*****************************************
CONTINENTAL SERVICE              *
GROUP, INC., PIONEER CREDIT      *
RECOVERY, INC., ACCOUNT          *
CONTROL TECHNOLOGY, INC.         *
PROGRESSIVE FINANCIAL            *
SERVICES, INC., VAN RU CREDIT    *
CORPORATION, COLLECTION          *
TECHNOLOGY, INC. ALLTRAN         *
EDUCATION, INC.,                 *
        Plaintiffs,              *
                                 *
and                              *
                                 *
COLLECTION TECHNOLOGY, INC.,     *
PROGRESSIVE FINANCIAL SERVICES,  *
INC., ALLTRAN EDUCATION, INC.,   *
PERFORMANT RECOVERY, INC.,       *
VAN RU CREDIT CORPORATION, and   *
ALLIED INTERSTATE LLC,           *
        Intervenor-Plaintiffs,   *
v.                               *
                                 *
THE UNITED STATES,               *
        Defendant,               *
                                 *
and                              *
                                 *
CBE GROUP, INC., PREMIERE        *
CREDIT OF NORTH AMERICA, LLC,    *
GC SERVICES LIMITED PARTNERSHIP, *
VALUE RECOVERY HOLDINGS, LLC,    *
WINDHAM PROFESSIONALS, INC.,     *
AUTOMATED COLLECTION             *
SERVICES, INC., FMS INVESTMENT   *
CORP., TEXAS GUARANTEED          *
STUDENT LOAN CORP., ALLTRAN      *
EDUCATION, INC.                  *
        Intervenor-Defendants.   *
                                 *
*****************************************
```

**RESPONSE TO OCTOBER 27, 2017 NOTICE OF INQUIRY BY APPELLATE COURT, MEMORANDUM OPINION, AND FINAL ORDER DENYING MAY 19, 2017 MOTION TO VACATE PRELIMINARY INJUNCTION AND JUNE 9, 2017 MOTION TO STAY PRELIMINARY INJUNCTION, PENDING APPEAL**

This Response is filed, pursuant to the United States' ("Government") October 27, 2017 Notice, to an inquiry by the United States Court of Appeals for the Federal Circuit on the same date, in CAFC Case No. 17-2155, Dkt. #258 at 5.

## I.     PROCEDURAL BACKGROUND.[1]

On December 11, 2015, the United States Department of Education ("ED") issued Solicitation No. ED-FSA-16-R-0009 ("Solicitation") for "the collection and administrative resolution of debts resulting from non-payment of student loans and grants made under several federal programs, including the Federal Family Education Loan Program, Stafford Loans, Federal Perkins Loans, and the Pell Grant Program." ECF No. 1 (Compl. ¶ 25). Under the Solicitation, ED intended to award Indefinite Delivery, Indefinite Quantity contract(s) with a five year Base Ordering Period and an additional Optional Ordering Period of five years. ECF No. 1 (Compl. ¶ 26).

On February 22, 2016 and February 29, 2016, Continental Service Group, Inc. ("ConServe") submitted proposals in response to the Solicitation. ECF No. 1 (Compl. ¶ 35).

On December 9, 2016, ED notified ConServe that it was not selected for an award and ConServe requested a debriefing. ECF No. 1 (Compl. ¶ 51).

On December 29, 2016, ED issued a Debriefing Letter, stating,

[a]lthough [ConServe's] proposal was one of the most highly rated proposals, [ConServe], was not selected for an award based on the fact that the [ED] determined that they were not responsible[, because] [ConServe] did not submit an acceptable subcontracting plan that reflects and is consistent with the commitments it offered in its small business participation plan, as required by the Solicitation.

ECF No. 1 (Compl. ¶ 51).

On January 3, 2017, ConServe filed a bid protest at the General Accountability Office ("GAO"). ECF No. 1 (Compl. ¶ 60). Because ConServe filed a bid protest at the GAO within five days of receiving the debriefing, the bid protest triggered an automatic stay of performance, pursuant to 31 U.S.C. § 3553(d)(3)(A), (4)(B). ECF No. 1 (Compl. ¶ 60). "Several other disappointed offerors also filed protests of this procurement at the GAO." ECF No. 1 (Compl. ¶ 60). Some of these protests also triggered the automatic stay. ECF No. 1 (Compl. ¶ 60).

---

[1] To facilitate a review of this Response, Memorandum Opinion, And Final Order, the court has attached herewith the Docket Sheet in this case.

On March 28, 2017, ConServe withdrew its bid protest at the GAO. *Gen. Revenue Corp.*, B–414220.2, Mar. 27, 2017, 2017 WL 1316186.[2]

On March 28, 2017, ConServe filed a Complaint in the United States Court of Federal Claims challenging ED's decision not to award an Indefinite Delivery, Indefinite Quantity contract to ConServe under Solicitation No. ED-FSA-16-R-0009.  ECF No. 1.

On March 29, 2017, ConServe filed a Motion For Temporary Restraining Order ("TRO"), pursuant to Rule of the United States Court of Federal Claims ("RCFC") 65(d).  ECF No. 7.

On March 29, 2017, the court convened a Status Conference, during which the Government informed the court that the stays in the related cases at the GAO, pursuant to 31 U.S.C. § 3553(d)(3)(A), (4)(B), were not lifted, because the GAO still had to decide a related protest.  ECF No. 111.  The Government also represented that the GAO may issue a decision in that case in the near future, at which point the automatic stay would be lifted and performance would begin on the contract.  ECF No. 111.  The Government was not clear whether the GAO lifted the stay in the bid protest filed concerning ConServe.  ECF No. 111.  The Government, however, advised the court that it could not currently commit to staying performance, pending the resolution of this bid protest.  ECF No. 111.  ConServe advised the court that ED was transferring work to be performed under the stayed contracts [awarded under Solicitation No. ED-FSA-16-R-0009] to other contractors to circumvent this bid protest.  ECF No. 111.

---

[2] GAO's Decision in *Gen. Revenue Corp.*, B–414220.49, April 6, 2017, 2017 WL 1294988 provides the following procedural history of bid protests related to Solicitation No. ED-FSA-16-R-0009:

> Between December 19, 2016 and January 9, 2017, [the GAO] received 24 protests relating to [ED's] procurement at issue.  After dismissing several protests for various procedural or pleading deficiencies, . . .[the GAO] resolved . . . 17 protests in a protected decision issued on Monday, March 27[, 2017].  The remaining protests, including the protest of [ConServe], challenged [ED's] evaluation of offerors' small business subcontracting plans, which were evaluated as part of [ED's] responsibility determinations.

> \*       \*       \*

> On Tuesday, March 28[, 2017], ConServe notified [the GAO] that it was withdrawing its protest, and that it was its 'intent to pursue the subject matter of this protest at the [United States] Court of Federal Claims. . . .'  On March 29[, 2017], ConServe filed its sealed complaint with the [United States] Court of Federal Claims. . . .  On the same day, [the GAO] acknowledged ConServe's withdrawal and closed [the GAO's] files without further action.

3

On March 29, 2017, the court issued a Memorandum Opinion And Temporary Restraining Order, pursuant to RCFC 65(d), to prohibit the Government from:

> (1) authorizing the purported awardees to perform on the contract award under Solicitation No. ED-FSA-16-R-0009 for a period of fourteen days, *i.e.* until April 12, 2017; and
>
> (2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest for a period of fourteen days, *i.e.* until April 12, 2017.

ECF No. 9 at 3.

On April 10, 2017, the court extended the March 29, 2017 TRO until April 24, 2017, pursuant to RCFC 65(b)(2).  ECF No. 56.

On April 19, 2017, the court stayed proceedings to afford an parties the opportunity to reach a global settlement and extended the April 10, 2017 TRO until May 8, 2017.  ECF No. 67.

On April 21, 2017, the CBE Group, Inc. ("CBE"), Intervenor-Defendant, and Premiere Credit of North America, LLC ("Premiere"), Intervenor-Defendant, filed a Joint Emergency Motion For Enforcement Of The March 29, 2017 TRO, arguing that ED planned to recall immediately accounts that were placed with CBE and Premiere prior to this litigation, altering the *status quo*.  ECF No. 68 (amended and re-docketed as ECF No. 71).  That same day, the court convened a Status Conference to discuss the April 21, 2017 Emergency Motion.  ECF No. 119. At the court's request, the parties agreed to reconvene on April 24, 2017 for another Status Conference and the Government informed the court that ED would not recall the disputed accounts until after the April 24, 2017 Status Conference.  ECF No. 119.

On April 24, 2017, the court convened a Status Conference and heard arguments from all parties in this case.  ECF No. 89.  On that same day, the court extended and modified the March 29, 2017 TRO.  ECF No. 73.

On May 2, 2017, the court convened an oral argument and afterwards worked with the parties in an attempt to reach an agreement, satisfactory to all parties, until ED made a decision about corrective action.  ECF No. 96.  That effort failed.  ECF No. 96.  On that date, however, the court granted the Government's May 1, 2017 Motion To Dismiss Count VII of ConServe's March 28, 2017 Complaint, without prejudice, and issued a preliminary injunction, wherein the court stated:

> On a motion for preliminary injunctive relief, the court must weigh four factors: "(1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Importers of Textiles & Apparel v. United States,* 413 F.3d 1344, 1347–48 (Fed. Cir. 2005).  *"No one factor*, taken individually, *is necessarily dispositive . . . .*  [T]he weakness of the showing regarding one factor

may be overborne by the strength of others." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).

Regarding the first factor, the court has determined that Plaintiffs and Intervenor-Plaintiffs will be immediately and irreparably injured, if ED allows continued performance on Task Orders issued under Solicitation No. ED-FSA-16-R-0009, or otherwise transfers work to another contracting vehicle to circumvent or moot this bid protest.

Regarding the second factor, the Government has not yet produced the Administrative Record and the parties have not had an opportunity to brief the merits of this bid protest. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("The APA specifically contemplates judicial review on the basis of the agency record[.]"). Nevertheless, it is likely that some or all Plaintiffs may prevail on the merits, based on the GAO's March 27, 2017 Decision finding that ED's prior evaluation of proposals was unreasonable in numerous respects and resulted in the reasonable possibility of prejudice. *See Gen. Revenue Corp.*, 2017 WL 1316186.

Regarding the third factor, the public interest is served by open and fair competition in public procurements and preserving the integrity of the competitive process. *See PGBA, LLC v. United States*, 57 Fed. Cl. 655, 663 (2003).

Regarding the fourth factor, the balance of hardships weighs in favor of Plaintiffs and Intervenor-Plaintiffs. A delay in ED proceeding with performance on the 2016 Awards, prior to announcing corrective action, likely may be disruptive to some of the parties and borrowers, but is outweighed by the economic harm to Plaintiffs and Intervenor-Plaintiffs and the public's need to have these government contracts awarded pursuant to law, particularly, because $2.8 billion of taxpayer funds [are] at issue.

For these reasons, the court has determined that the weight of the factors favors injunctive relief. *See FMC Corp*, 3 F.3d at 427 ("[T]he weakness of . . . one factor may be overborne by the strength of others."). Accordingly, it is ordered that the United States of America, the United States Department of Education, and their officers, agents, servants, employees, and representatives are enjoined, pursuant to Rule 65(d), from:

(1) authorizing the purported awardees to perform on the contract awards under Solicitation No. ED-FSA-16-R-0009; and

(2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest.

In effect, this Preliminary Injunction rescinds the April 24, 2017 modification to the March 29, 2017 Temporary Restraining Order, because it provided a competitive advantage to CBE Group, Inc. and Premiere Credit of North America,

LLC over Collection Technology, Progressive Financial and Performant Recovery, Inc. that filed appearances in this case after April 24, 2017.

ECF No. 87.

On May 18, 2017, ConServe filed a Motion To Continue The Preliminary Injunction to allow the parties to evaluate and respond to ED's corrective action.  ECF No. 120.

On May 19, 2017, the Government filed a Notice Of Corrective Action to inform the court that ED would issue "[n]otice of awards and notices of termination" on or before August 25, 2017. ECF No. 122 at 9.

On May 19, 2017, the Government filed a Motion To Vacate Preliminary Injunction.  ECF No. 126.

On May 22, 2017, CBE filed a Response to the Government's Motion To Vacate Preliminary Injunction.  ECF No. 122 (refiled with attachments at ECF No. 129).  On that same day, GC Services Limited Partnership filed an Opposition To The Government's Motion To Vacate Preliminary Injunction as it would benefit only small business contractors.  ECF No. 130.

On May 22, 2017, an Order continuing the May 2, 2017 Preliminary injunction was issued, wherein the court stated,

> [a]fter hearing the parties' positions [at a May 22, 2017 status conference], the court indicated that it was inclined to lift the May 2, 2017 Preliminary Injunction, but it was concerned that the ED would transfer accounts that had been serviced by Progressive Financial, Inc., Collection Technology, Inc., Performant Recovery, Inc. and Van Ru Credit Corporation under United States General Services Administration ("GSA") Schedule Nos. GS-23F-0239K, GS-23F-0227N, GS–23F–0286K, GS-23F-0204K (collectively the "prior accounts"), because those contracts expired on April 21, 2017.  This would appear unfair, because the GAO sustained challenges to Solicitation No. ED-FSA-16-R-009 brought by those contractors.  In other words, the GAO determined that but-for the ED's alleged errors during the procurement process, Progressive Financial, Inc., Collection Technology, Inc., Performant Recovery, Inc. and Van Ru Credit Corporation might have received contracts on December 9, 2016, under which they could continue to service their prior accounts.
>
> Therefore, the court asked the Government whether it could allow Progressive Financial, Inc., Collection Technology, Inc., Performant Recovery, Inc. and Van Ru Credit Corporation to continue servicing prior accounts until the ED completes the proposed corrective action.  The Government informed the court that it could not make that representation, without conferring with Dr. Patrick Bradfield, Head of Contracting at Federal Student Aid.  Dr. Bradfield responded, by telephone from his home, that Progressive Financial, Inc., Collection Technology, Inc., Performant Recovery, Inc. and Van Ru Credit Corporation could not continue servicing their prior accounts, because they did not have existing contracts with the ED, but he did

not know if there was a legal means for the ED to enter into a temporary contractual relationship with those parties and would have to consult with the ED's attorneys before making that determination. Dr. Bradfield informed the court that he would not be able to consult with counsel until, at least, May 23, 2017.

ECF No. 132 at 2–3 (re-docketed for administrative purposes as ECF No. 134).

On May 31, 2017, the court continued the May 2, 2017 Preliminary Injunction, based on information in the public domain (ECF No. 143), that subsequently was clarified to the court's satisfaction. ECF No. 183 at 3–5. Nevertheless, the reasons underlying the May 2, 2017 Preliminary Injunction were not changed.

On June 9, 2017, Alltran Education, Inc. ("Alltran"), Intervenor-Plaintiff, filed a Motion To Stay the court's May 2, 2017 Preliminary Injunction to allow an appeal to the United States Court of Appeals for the Federal Circuit. ECF No. 155. Alltran's June 9, 2017 Motion states that the purpose is to protect its interest in "essentially a bridge contract designed to last only until ED completes its corrective action under Solicitation No. ED-FSA-16-R-0009." ECF No. 155 at 2. Alltran's June 9, 2017 Motion also argued that, "***given the urgency of this issue, Alltran requests that this [c]ourt stay the injunction by Wednesday June 14, 2017***." ECF No. 155 at 3 (underline, bold, and italics in original).

On June 13, 2017, the Government filed a Response to Alltran's June 9, 2017 Motion For Stay Pending Appeal, together with five declarations discussing the financial impact on ED, the private collection agencies, and student borrowers as a result of the May 2, 2017 Preliminary Injunction. ECF No. 157.

On June 14, 2017, Alltran filed an appeal in the United States Court of Appeals for the Federal Circuit. CAFC Case No. 17-2155, Dkt. #1.

On June 16, 2017, Pioneer Credit Recovery, Inc. ("Pioneer") filed a Response to Alltran's June 9, 2017 Motion For Stay Pending Appeal, agreeing with Alltran's and the Government's request to stay the May 2, 2017 Preliminary Injunction. ECF No. 162.

On June 19, 2017, Financial Management Systems, Inc. ("Financial Management") filed a Response to Alltran's June 9, 2017 Motion For Stay Pending Appeal, requesting the court to stay or vacate its May 2, 2017 Preliminary Injunction. ECF No. 163.

On June 19, 2017, Alltran filed a Motion For Emergency Stay, Pending Appeal in the United States Court of Appeals for the Federal Circuit. CAFC Case No. 17-2155, Dkt. #12.

On June 22, 2017, the Government filed a Notice Of Appeal. ECF No. 165.

On June 26, 2017, ConServe filed a Response to Alltran's June 9, 2017 Motion For Stay Pending Appeal, requesting the court to deny Alltran's June 9, 2017 Motion For Stay Pending Appeal. ECF No. 168.

On June 27, 2017, the Government filed a Response to Alltran's June 19, 2017 Motion For An Emergency Stay, Pending Appeal in the United States Court of Appeals for the Federal Circuit, "join[ing] in the emergency motion for stays pending appeal." CAFC Case No. 17-2155, Dkt. #62.

On July 6, 2017, Alltran filed a Reply to Pioneer, Financial Management, and ConServe Responses to Alltran's June 9, 2017 Motion For Stay Pending Appeal. ECF No. 174.

On July 7, 2017, Pioneer filed a Reply to the Responses to Alltran's June 9, 2017 Motion For Stay Pending Appeal. ECF No. 175.

On July 18, 2017, the United States Court of Appeals for the Federal Circuit issued an Order stating,

> Alltran Education, Inc., moves to stay, pending these appeals, the May 31, 2017, preliminary injunctions entered in the above-captioned appeals by the United States Court of Federal Claims enjoining the [ED] from (1) authorizing the purported awardees to perform on the contract awards under Solicitation No. ED-FSA-16-R-0009 ("the Solicitation") and (2) transferring work to be performed under the Solicitation to other private collection agencies to circumvent or moot the bid protest. The United States separately moves for the same relief. [ConServe] opposes the motions. Financial Management Systems, The CBE Group, Inc., Progressive [], and Van Ru Credit Corporation respond to the motions. Alltran and the United States reply.
>
> In its opposition to Alltran's motion, [ConServe] moves to dismiss 2017-2155. Alltran and the United States oppose the motion. [ConServe] replies.
>
> [ConServe] argues that the court lacks jurisdiction over 2017-2155 because 28 U.S.C. § 1292(d)(2) controls interlocutory appeals from the Court of Federal Claims, as §1292(a)(1) is directed only to district courts. However, §1292(c)(1) grants the court jurisdiction "of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title," and a preliminary injunction is the type of interlocutory order that is appealable under § 1292(a)(1). The motion to dismiss the appeal is therefore without merit.
>
> The court notes that Alltran's motions to stay the preliminary injunction are pending at the Court of Federal Claims. The Court of Federal Claims has not yet acted on Alltran's motions to stay, the briefing of which has only recently been completed. The court will hold the motions to stay in abeyance pending the Court of Federal Claims' decision on Alltran's motions.
>
> Accordingly,
>
> IT IS ORDERED THAT:
>
> (1) [ConServe]'s motion to dismiss 2017-2155 is denied.

(2) Alltran's and the United States' motions to stay are held in abeyance. Within five days of the Court of Federal Claims' rulings on Alltran's motions to stay the May 31, 2017, preliminary injunctions, Alltran and the United States are ordered to inform the court how they believe the motions should proceed.

CAFC Case No. 17-2155, Dkt. #122 at 6–7.[3]

On July 24, 2017, Alltran filed a Motion To Expedite Ruling On Pending Motion For Stay Pending Appeal.  ECF No. 179.

On July 28, 2017, ConServe filed an Opposition And Cross-Motion, arguing that, if the court lifted the May 31, 2017 Preliminary injunction, "***ED would act quickly to transfer all of the*** [other] ***accounts***," subject to the court's May 31, 2017 Preliminary Injunction.  ECF No. 180 at 5 (bold and italics in original).

On August 2, 2017, the court directed the Government to file a Status Report concerning the progress of ED's corrective action, since ED announced on August 2, 2017 that "it was no longer seeking to select a single student loan servicer and would be pursuing a new proposal that would award separate contracts to one or more companies."  ECF No. 182 (Court Exhibits C, D). The August 2, 2017 Order also observed, "once again, the [Government] has failed to inform the court of these developments."  ECF No. 182.

On August 4, 2017, the Government filed a Status Report, together with a Declaration from Dr. Patrick A. Bradfield, Head of the Contracting Activity Federal Student Aid, United States Department of Education, wherein the court was advised that only half of thirty-seven proposals received had been reviewed and additional time may be necessary to complete corrective action. ECF Nos. 183, 183-1 (8/4/17 Bradfield Decl.).

---

[3] On July 18, 2017, when the United States Court of Appeals for the Federal Circuit ruled to hold Emergency Motions For Stay, in abeyance, it may not have been aware that the United States Court of Federal Claims was advised by the Government on May 19, 2017 that ED would issue "[n]otice of awards and notices of termination" on or before August 25, 2017.  ECF No. 122 at 9.  If so, the Government's May 19, 2017 Motion To Vacate Preliminary Injunction, Alltran's June 9, 2017 Motion For An Emergency Stay, Pending Appeal, Alltran's July 24, 2017 Motion To Expedite Ruling On Pending Motion For Stay Pending Appeal, as well as the underlying appeals in CAFC Case No. 17-2155, would be moot.

In addition, it appears that the appellate court was under the impression that briefing was completed.  CAFC Case No. 17-2155, Dkt. #258.  On July 28, 2017, however, ConServe filed a Cross-Motion and Response to Alltran's July 24, 2017 Motion To Expedite On Pending Motion For Stay Pending Appeal.  ECF No. 180.  To date, neither Alltran nor the Government has filed a response to that Cross-Motion.  Consequently, the Case Management Review monthly report from the Office of the Clerk to the court did not reflect and still does not reflect that a ruling on Alltran's July 24, 2017 Motion To Expedite Ruling On Pending Motion For Stay Pending Appeal is due.

On August 29, 2017, the court issued an Order directing the Government to file a Status Report concerning ED's corrective action by September 14, 2017 with the United States Court of Appeals for the Federal Circuit, together with certain of the attachments.[4]  ECF No. 185.

On September 5, 2017, the court issued an Order consolidating all of the above-captioned bid protest cases.  ECF No. 186.[5]

On September 7, 2017, the Government filed a Notice Of Limited Recall Of Accounts, concerning,

> a subset of the accounts presently assigned to six private collection agencies (PCAs) whose contracts expired on April 21, 2017.  The Department of Education's (ED) Federal Student Aid (FSA) program has determined that a limited recall of accounts is urgently needed in order to provide assistance to student borrowers who reside in hurricane disaster relief areas, such as the counties directly affected by Hurricane Harvey.
>
> *        *        *
>
> FSA intends to proceed with this limited recall of 1,000 accounts beginning tomorrow, Friday, September 8, 2017. FSA also anticipates expanding the recall of accounts, as necessary, to include borrowers in counties that may be identified by the Federal Emergency Management Association as hurricane disaster relief areas in the future, including areas that may be affected by Hurricane Irma and other storms currently being tracked.

ECF No. 187 at 1–3.

On September 8, 2017, Progressive Financial Services, Inc. ("Progressive") filed a Motion For Emergency Relief And Objection to the Government's September 7, 2017 Notice Of Limited Recall Of Accounts, arguing: (1) ED's proposed recall of Progressive's accounts violates the TRO and preliminary injunction; and (2) "unusual and compelling" circumstances require the issuance of a bridge contract to Progressive.  ECF No. 188.

On September 8, 2017, the Government filed a Response to Progressive's September 8, 2017 Motion, arguing: (1) the court lacks jurisdiction to entertain Progressive's claim and request for emergency relief; (2) ED's limited recall of accounts is not a violation of the preliminary injunction; and (3) the court does not have authority to grant Progressive's request for the issuance of bridge contracts.  ECF No. 190.

---

[4] On September 20, 2017, the United States Court of Appeals for the Federal Circuit granted the Government's Motion For Leave To File The September 14, 2017 Status Report and attachments.  ECF No. 195.

[5] On June 20, 2017, the United States Court of Appeals for the Federal Circuit consolidated the cases on appeal.  CAFC Case No. 17-2155, Dkt. #20.

On September 12, 2017, the court issued a Memorandum Opinion And Order, denying Progressive's September 8, 2017 Motion For Emergency Relief, stating,

> [a]s a matter of law, the court has jurisdiction to adjudicate a motion to reconsider, amend, and/or enforce the May 31, 2017 Memorandum Opinion and Preliminary Injunction Order. *Abbott Labs. v. TorPharm, Inc.*, 503 F.3d 1372, 1379 (Fed. Cir. 2007) (holding that courts have "inherent authority to enforce their own injunctions under the well-established principles of equity"). The court does not consider the Government's September 7, 2017 Notice to violate, circumvent, or undermine the May 31, 2017 Preliminary Injunction, but rather as if it were filed under RCFC 62(c) as a motion to modify the May 31, 2017 Preliminary Injunction.
>
> In the court's judgment, compelling public interest considerations attendant to Hurricane Harvey justify the modification requested by the Government. *U.S. Ass'n of Importers of Textiles & Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1346 (Fed. Cir. 2005) ("Four factors are weighed in considering a motion for a preliminary injunction: (1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties."). "*No one factor*, taken individually, *is necessarily dispositive* . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of others." *FMC Corp.* v. *United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).

ECF No. 191 at 4–5 (re-docketed for administrative purposes as ECF No. 194 at 4–5).

On September 14, 2017, the Government filed a Status Report, to inform the court about the progress of ED's corrective action, stating,

> [e]valuation reports are now being finalized, with an expected completion date of September 18, 2017. Once the reports are finalized, ED's Source Selection Authority will perform an integrated assessment to identify the proposal(s) deemed to be most advantageous to the Government, followed by a responsibility determination of each apparently successful offeror. Once a new source selection determination has been made, ED will announce any new award or awards, and/or the termination of previously-awarded contracts, as appropriate.

ECF No. 192 at 2.

On September 14, 2017, the court also issued an Order, directing the Government seek leave to file a copy of the September 14, 2017 Status Report with the United States Court of Appeals for the Federal Circuit. ECF No. 193.

On September 21, 2017, the Government informed the court that the Government filed the September 14, 2017 Status Report with the United States Court of Appeals for the Federal Circuit. ECF No. 195.

On October 11, 2017, the court issued an Order, directing the Government to file a Status Report regarding the progress of ED's corrective action by October 20, 2017. ECF No. 196.

On October 19, 2017, the Government filed a Status Report, wherein it reported that evaluation reports have been finalized and "[t]he Source Selection Authority has been conducting an assessment of the findings and ratings reported by the evaluating committees[.] . . . Once the apparently successful offeror/s are identified, the contracting officer will complete the responsibility determinations.  Award/s will be made shortly thereafter."  ECF No. 197 at 2.

On October 25, 2017, the court issued an Order, directing the Government to seek leave to file the October 19, 2017 Status Report with the United States Court of Appeals for the Federal Circuit.  ECF No. 198.

On October 27, 2017, the Government filed a Notice, informing the court of an October 27, 2017 Order issued by the United States Court of Appeals for the Federal Circuit in CAFC Case No. 17-2155, that appears to request the status of the Government's May 19, 2017 Motion To Vacate Preliminary Injunction and Alltran's June 9, 2017 Motion To Stay.  ECF No. 199.

## II.     THE COURT'S RULING ON THE PENDING MOTIONS.

On May 19, 2017, the Government filed a Motion To Vacate Preliminary Injunction, pursuant to RCFC 60(b), arguing that: (1) the court should vacate the May 2, 2017 Preliminary Injunction, because the court dismissed Count VII of ConServe's March 28, 2017 Complaint; and (2) ConServe cannot demonstrate that it satisfies any of the factors for a preliminary injunction. ECF No. 126.  RCFC 60(b) provides that,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[6]

RCFC 60(b).

---

[6] RCFC 60(b)(6) is the only provision of this Rule relevant to the Government's May 19, 2017 Motion To Vacate Preliminary Injunction.

As the United States Supreme Court has held, Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *see also Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002) ("Rule 60(b)(6) is available only in extraordinary circumstances[.]").  In addition, "[t]he determination whether to grant [a Rule 60(b) motion] is a matter largely within the discretion of the [trial] court . . . and appellate review is limited to determining whether the court abused its discretion." *Case v. Basf Wyandotte*, 737 F.2d 1034 (Fed. Cir. 1984) (internal quotation marks and citations omitted).

On a motion for preliminary injunctive relief, the court must weigh four factors: "(1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Importers of Textiles & Apparel v. United States,* 413 F.3d 1344, 1347–48 (Fed. Cir. 2005). "*No one factor*, taken individually, *is necessarily dispositive* . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of others." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).  The reasons in the court's May 2, 2017 Preliminary Injunction have been set forth herein and may be reviewed at ECF No. 87.

Nothing in the Government's May 19, 2017 Motion To Vacate Preliminary Injunction presented "extraordinary circumstances" to "justif[y] relief" under RCFC 60(b)(6), since the Government previously filed on the same day a "[n]otice of awards and notices of termination" would issued by ED on or before August 25, 2017.  ECF No. 122 at 9.  This is true even more so today, in light of ED's proposed corrective action that now appears to be imminent.  ECF No. 199 (Oct. 27, 2017).

\*     \*     \*

On June 9, 2017, Alltran also filed a Motion To Stay the May 2, 2017 Preliminary Injunction, pending an appeal to the United States Court of Appeals for the Federal Circuit.  ECF No. 155.

On June 14, 2017, Alltran filed an appeal in the United States Court of Appeals for the Federal Circuit.  CAFC Case No. 17-2155, Dkt. #1.

On July 24, 2017, Alltran filed a Motion To Expedite Ruling On Pending Motion For Stay Pending Appeal.  ECF No. 179.

As a threshold matter, "[a] stay is not a matter of right, even if irreparable injury might otherwise result. . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citations omitted).  "The fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion . . . [Rather,] its judgment is to be guided by sound legal principles.'" *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)).

In deciding whether to grant a stay pending appeal of a preliminary injunction, the court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  But, each factor "need not be given equal weight," and the factors can "effectively merge." *Id.* at 512–13 (citing *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979); *E.I. DuPont De Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987) ("In considering whether to issue a stay [of an injunction] pending appeal, [the] court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public.")).  In sum, the four factors are analyzed using a "flexible approach." *Id.* at 513.

As to the first factor, to date the Government has not filed the Administrative Record in this case.  *See* CFC Docket Sheet, attached hereto, as Court Exhibit A; *see also* CAFC Case No. 17-2155 Dkt. #12-1 n.5.  Therefore, the court is not in a position to ascertain whether Alltran, the Government, or any other party would succeed on the merits of the underlying bid protest action.  But, in light of the Government's representation, as of May 19, 2017, that ED would issue "[n]otice of awards and notices of termination issued" on or before August 25, 2017, ECF No. 122 at 9, neither Alltran's June 9, 2017 Motion To Stay The Preliminary Injunction nor Alltran's July 24, 2017 Motion To Expedite Ruling On Pending Motion For Stay Pending Appeal made a "strong showing of the likelihood of success." *Standard Havens Prods.,* 897 F.2d at 512.  In any event, if the most recent representation made to the court by the Government are true, Alltran's entitlement to relief from the court's May 2, 2017 Preliminary Injunction likely will be moot by ED's corrective action.  *Id.*

As to the second and third factors, the Government is, and has been, in a position to eliminate any injury that the May 2, 2017 Preliminary Injunction imposed on  ED and some of the parties, either by issuing short-term contracts, bridge contracts, or award-term extension ("ATE") contracts—each of which ED advised the court is not a viable option—or by completing corrective action by August 25, 2017, as was represented to the court.  ECF No. 122 at 9.  Indeed, as the Government has advised the appellate court, on May 19, 2017, the court stated it was inclined to lift the preliminary injunction, if assurances could be made that ED would not assign any debt collection work to "dilute" work to which other parties may be entitled if they prevailed in this bid protest or otherwise be subject to corrective action.  CAFC Case No. 17-2155, Dkt. #62-1 at 6 (citing Def. Ex. 6, Order May 19, 2017).  The Government declined to do so.

As to the fourth factor, the public interest lies in having ED administer student loan debt collection activities in compliance with applicable procurement law and regulations.  ECF No. 87.

Finally, the May 2, 2017 Preliminary Injunction was issued to maintain the *status quo*, as of March 28, 2017—the date the bid protest in this case was filed when a stay was pending at the GAO—to allow ED to take corrective action in response to the GAO's March 27, 2017 Decision.

ECF No. 87; *Gen. Revenue Corp.*, B–414220.2, Mar. 27, 2017, 2017 WL 1316186; *see also Litton Systems, Inc. v. Sundstrand Corp.*, 750 F.2d 952, 961 (Fed. Cir. 1984).

The court's stated purpose in issuing the May 2, 2017 Preliminary Injunction was "not to micromanage ED's debt collection efforts, but to protect the interest of all parties and afford the Government an opportunity to reach a global solution of the aforementioned cases." ECF No. 87 at 3.

## III.   CONCLUSION.

For these reasons, the court has determined that the Government's May 19, 2017 Motion To Vacate Preliminary Injunction, Alltran's June 9, 2017 Motion To Stay Pending Appeal, and Alltran's July 24, 2017 Motion To Expedite Ruling On Pending Motion For Stay Pending Appeal are denied.

The court also orders the Government to advise the appellate court whether ED's proposed corrective action may render pending motions, as well as the underlying appeal, moot, prior to the December 8, 2017 oral argument.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**